220 So.2d 848

**Bobby Sherman SEGERS, Jr.**

**v.**

**STATE of Alabama.**

**6 Div. 616.**

Supreme Court of Alabama.

March 13, 1969.

Jas. M. Jolly, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appellant has been adjudged guilty of robbery, his sentence being fixed at fifty years imprisonment in the penitentiary.

The evidence tends to show that when C. E. Crane entered the Lucky Shopping Center at Docena, Jefferson County, Alabama, at about 5:00 p. m. on August 4, 1966, a robbery was being committed. The State's evidence is to the effect that four men were involved: the appellant, Segers, who was armed with a revolver; David Wilkins, who had a sawed-off double-barreled shotgun; one Flowers, who was armed with a single-barreled shotgun; and a man named Fairley, who had a sawed-off shotgun. The State's evidence further tends to show that as Crane entered the Shopping Center, Segers seized him by one arm and Flowers held his other arm. Segers and Flowers were both armed at the time and while the two men held Crane, Segers removed Crane's wallet from his back pocket. The wallet was later returned to Crane by one of the robbers, but the sum of forty dollars, which had been in the wallet when it was taken from Crane, was missing.

The only witness called on behalf of the appellant, Segers, the defendant below, was David Wilkins, who readily admitted that he was involved in the robbery, along with Flowers and Fairley. He denied that the appellant was present at the time of the robbery, although he admitted that the appellant had been with the witness, Flowers and Fairley until about five or ten minutes prior to the robbery and was picked up by them within seven minutes after the robbery.

Under the evidence, a jury question was presented as to whether the appellant was implicated in the robbery and the jury's conclusion is amply supported by the evidence.

Segers was represented by court-appointed counsel at arraignment and during the course of the trial. He is represented in this court by a court-appointed attorney who did not participate in the trial below.

We will treat the questions raised in brief filed here on behalf of appellant, none of which are even referred to in the State's brief.

Counsel for appellant says, in effect, that the judgment appealed from should be reversed because the jury was allowed to separate during the course of the trial.

The record shows that the jury was advised by the trial court that "the law provides that by agreement on the part of the State, the defendant's lawyer, and the defendant himself, that you can be allowed to separate during the trial of a case. By that, I mean that you can be allowed to go your separate ways at a time when we are not actively trying a case. Such an agreement is in effect in this case. This means that you will be able to go to lunch by yourselves, and to go home, and sleep in your own beds." The trial court then admonished the jurors not to discuss the case with anyone.

From aught appearing, the jurors did separate during the course of the trial of this capital case.

Counsel for appellant relies upon our capital case of Mitchell v. State, 244 Ala. 503, 508, 14 So.2d 132, 137, decided in June of 1943, where we said:

"If the jurors be permitted to separate as here, under instructions from the court, with or without the consent of defendant, such separation is subject to challenge by motion for new trial, whereupon the burden is upon the state to

clearly show no injury resulted from such separation."

The statement of the trial court was no doubt grounded on the provisions of Act 384, approved July 8, 1943, General Acts 1943, p. 358, which reads as follows:

"Section 1. The provisions of this Act shall apply only in the Circuit Court in counties having a population of 140,000 or more according to the last or any subsequent Federal census.

"Section 2. If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or non-capital, consent thereto in open Court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to the accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.

· "Section 3. It shall be improper for the trial court to ask the accused, counsel for the accused, or the prosecuting attorney in the hearing of the jury whether or not he or they will consent to a separation of the jury pending the trial. It shall be improper for the accused or counsel for the accused, or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial."

For aught appearing from the record before us, the accused, his counsel and the prosecuting attorney consented to the separation of the jury in open court and there is nothing to indicate that the trial court asked the accused, his counsel or the prosecuting attorney in the hearing of the jury whether or not he or they would consent to a separation of the jury pending the trial.

We take judicial notice of the fact that Jefferson County has a population in excess of 140,000.

The constitutionality of Act 384, *supra,* has been upheld in the case of Young v. State, 283 Ala. 676, 220 So.2d 843, this day decided.

We would also like to point out that even in those counties not affected by the provisions of Act 384, *supra,* the language which we have quoted from Mitchell v. State, *supra,* has been held not to apply to a non-capital felony case where the agreement was entered into beyond the hearing of the jury. Wright v. State, 262 Ala. 420, 79 So.2d 74.

We hold that reversible error is not made to appear in connection with the trial court's action in permitting the jury to separate.

■ Counsel for appellant contends in brief that the judgment should be reversed because, "Nowhere in the charge of the Court was there ever any instruction that the jury could find the Defendant guilty of larceny which is a lesser case than robbery." All other questions aside, it is sufficient to say that under the evidence if any offense was committed it was robbery, and consequently it would not have been reversible error for the trial court to have refused requested written charges which related to lesser crimes. Kelly v. State, 235 Ala. 5, 176 So. 807; Brooks v. State, 36 Ala.App. 310, 55 So.2d 366.

■ It is next argued that the judgment appealed from should be reversed because of a certain statement included in the court's oral charge. There was no exception interposed by counsel for appellant to any part of the oral charge. It is true that in cases of this type the appellate courts "must consider all questions apparent on the record or reserved by bill of exceptions [now transcription of testimony, we interpolate], and must render such judgment as the law demands." § 389, Title 15, Code 1940. But the quoted language does not mean that in a non-capital case a review will be made of questions which are not

properly raised. Cauley v. State, 33 Ala. App. 557, 36 So.2d 347.

 This court and the Court of Appeals have held that the question of the correctness of the trial court's oral charge cannot be raised for the first time on appeal. Allison v. State, 281 Ala. 193, 200 So.2d 653; Doswell v. State, 34 Ala.App. 546, 42 So.2d 480, cert. denied, 252 Ala. 659, 42 So.2d 483.

Mindful of our duty under § 389, Title 15, *supra,* we have examined the record for any reversible error, whether pressed upon our attention or not. We find no reversible error in the record and the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.