274 So.2d 352

**In re Floyd E. HARNAGE, Jr.**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**7 Div. 934.**

Supreme Court of Alabama.

Sept. 28, 1972.

No appearance for respondent.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for petitioner.

MERRILL, Justice.

Defendant Harnage was convicted of the offense of murder in the first degree and was sentenced to life imprisonment in the penitentiary. He was charged with strangling Linda Croft and killing her.

Several points are treated in the opinion of the Criminal Court of Appeals, 48 Ala. App. 563, 274 So.2d 333, but the only point on which the judgment was reversed, and the only point before us is stated in the following from the opinion of that court:

"At the conclusion of the oral charge, the Court instructed the jury to retire and make up the verdict. The record reveals the following:

'(Whereupon, a juror stood.)

'JUROR: Your Honor, is it permissible for us to see the defendant's hands?

'THE COURT: See his hands?

'JUROR: Yes sir.

'THE COURT: Not unless he wants you to, or his lawyers say that you can. Why don't you go upstairs and let me discuss this with the attorneys and I will call you back down, and I

may have a little further charge for you.'

"After the jury left the courtroom, the Court said,

'Does either side want to take an exception?'

"Whereupon appellant's counsel reserved an exception and moved for a mistrial because of the misconduct of the juror in putting appellant in an untenable position. The trial court overruled the motion for a mistrial and exceptions were reserved. The jury returned and Court gave the following additional charge:

'THE COURT: Gentlemen, I have considered your request and since the testimony, or evidence, has been closed and you have already received the charge of the Court and the argument of counsel, it's my judgment that the request comes too late and is not proper. I am taking the responsibility of denying that request. You may retire and consider your verdict.'

"We hold the action of the trial judge in this matter to be reversible error.

"Appellant, as above noted, took the witness stand in his own behalf. The District Attorney cross-examined him as to the scratches on his hands and wrists that he claimed were made by his cat on the same day the deceased was last seen alive, February 26, 1970. Appellant was on the witness stand on May 21, 1970, almost three months later. It was obvious during the cross-examination that appellant had difficulty in pointing out the location of the scratch marks. We can only speculate as to why this juror wanted a closer inspection of appellant's hands. We know the deceased died as a result of strangulation. This juror might have wanted to observe the muscular makeup or structure of appellant's hands and arms to satisfy himself that he could have easily strangled this girl,

or for some other reason de hors the record."

■ In the first place, the motion for a mistrial was "because of the misconduct of the *juror*," and not because of any ruling of the court. There was no misconduct on the part of the juror in asking if it was permissible for the jury to see the defendant's hands. Of course, the request came too late, because the case had already been presented to the jury and any member of the jury had had the opportunity to observe the hands of the defendant during the five days consumed in the trial and, more particularly, while the defendant was testifying in his own behalf.

■ Here, no objection was made to any ruling of the court, and even though appellate courts must consider all questions apparent on the record, Tit. 15, § 389, Code 1940, we have held that such language in § 389 "does not mean that in a non-capital case a review will be made of questions which are not properly raised." Segers v. State, 283 Ala. 682, 220 So.2d 848; Cauley v. State, 33 Ala.App. 557, 36 So.2d 347.

■ However, the Court of Criminal Appeals has treated this question as if an objection was made to a remark of the judge even though it definitely was not a ruling. There is a principle, and it has been applied, that if the court's ruling was correct for any reason, it will not be reversed because the court assigned the wrong reason therefor. Stevenson v. State, 18 Ala.App. 174, 90 So. 140, cert. den. 206 Ala. 701, 90 So. 926; Nichols v. State, 276 Ala. 209, 160 So.2d 619; 7 Ala. Dig., Criminal Law, ☞1134(6). No question is raised as to the validity of the ruling of the court when the jury returned and the court gave a proper reason for denying the request of the juror.

■ But, laying aside the question of whether the point was properly raised, the only matter considered, and the sole cause of the reversal, by the Court of Criminal

Appeals was the judge's statement, "Not unless he wants you to, or his lawyers say that you can." It would have been better to let the jury retire but what the judge told them was a correct statement of the law.

In Smith v. State, 247 Ala. 354, 24 So.2d 546, this court said:

"* * * we think that when an accused is illegally required in court to stand up for inspection of his person, and this is against his will and over his objection, when he has not previously submitted himself as a witness, the fact that he later takes the stand voluntarily as a witness, denying all connection with the crime, and thereby submits himself to inspection, is not a waiver of the wrong previously done him, when he has made due objection and excepted to the ruling of the court. His introduction of himself as a witness later should be treated as being induced by the illegal ruling and to refute it, and not an approval or waiver of it. * * *" (approved in Stephens v. State, 250 Ala. 123, 33 So.2d 245.)

■ This defendant had denied all connection with the crime and it is obvious that he could not have been required to "stand up for inspection" against his will. So the trial court could only allow the defendant's hands to be inspected by the jury if done with the defendant's consent.

■ No consent or refusal on the part of the defendant was asked for or made, and the jury was sent out with no answer to the juror's question, and no one at that time being in "an untenable position" because no action had been taken or even attempted on the first sentence of the trial court's statement.

Then when the jury was recalled, the judge explained that *he* had considered the matter and the request came too late and was not proper and that *he* was taking the responsibility for denying the request. If any conceivable error occurred, it was cured by the judge's explanation, and that was his only and final ruling. In Shadle v. State, 280 Ala. 379, 194 So.2d 538, the court said that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have had upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the actions of the trial judge unless there has been a clear abuse of discretion.

A reading of that portion of the record quoted in the opinion of the Court of Criminal Appeals does not convince us that the defendant's rights were prejudiced under the circumstances; therefore, we will not disturb the trial court's ruling in this regard. Shadle v. State, supra; Andrews v. State, 174 Ala. 11, 56 So. 998; Hallman v. State, 36 Ala.App. 592, 61 So.2d 857; Tit. 30, § 100, Code 1940.

We conclude by quoting two paragraphs from Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501:

"The entry of a mistrial is not lightly to be undertaken. Since the law presumes the present jury as good as a future one, the entry should be only a last resort, as in cases of *otherwise* ineradicable prejudice.

\* \* \* \* \* \*

"'In legal effect a mistrial is equivalent to no trial at all, and is declared because of some circumstances indicating that justice may not be done if the trial continues. The word is not ordinarily used to indicate a *mere erroneous ruling of law*, but generally is used to specify such fundamental errors in a trial as to vitiate the result.' 58 C.J.S. Mistrial page 834.'" (Italics added.)

In our opinion, the statement of the trial court in the instant case does not present ineradicable prejudice against the defendant.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.

Reversed and remanded.

HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., dissent.

HEFLIN, Chief Justice (dissenting):

I feel the exception by defendant-appellant-respondent to the remarks of the trial judge properly establishes a right of review. I agree with the opinion of the Court of Criminal Appeals and, therefore, respectfully dissent.