Robbery; sentence: thirty-five years imprisonment.
The State's evidence showed that on or around 8:20 p.m. on January 10, 1979, the appellant along with an accomplice entered the Spruce Street Majik Mart in Montgomery and robbed Mr. Bob Enwright, the store clerk, of approximately $127. The defense was that of alibi. A conflict between the State's case and the appellant's alibi presents a question for the jury.Crow v. State, Ala.Cr.App., 365 So.2d 1254 (1978), cert. denied, Ala., 365 So.2d 1256.
At the end of the State's case in chief, counsel for the appellant orally *Page 882 
moved to exclude the State's evidence without assigning any specific grounds therefor. The trial court commits no reversible error in overruling a motion to exclude evidence where no grounds are assigned. Espey v. State, 270 Ala. 669,120 So.2d 904 (1960); Turner v. State, 266 Ala. 250,96 So.2d 303 (1957); Skelton v. City of Birmingham, Ala.Cr.App.,368 So.2d 877, cert. denied, Ala., 368 So.2d 880 (1979). In addition, the appellant did not request either the affirmative charge or file a motion for a new trial challenging the sufficiency of the evidence. Lewis v. State, Ala.Cr.App.,372 So.2d 882, cert. denied, Ala., 372 So.2d 885 (1979); Sprinklev. State, Ala.Cr.App., 368 So.2d 554, cert. denied, Ala.,368 So. 565 (1978).
 I
The appellant contends he should have been provided counsel at his preindictment lineup and failure to do so violates his Sixth Amendment right to assistance of counsel. Consequently, he contends the victim's in-court identification should have been suppressed. The appellant's contention is without merit. A preindictment lineup is not a stage of an adversary judicial criminal proceeding at which the right to counsel attaches as defined in Moore v. Illinois, 434 U.S. 220, 98 S.Ct. 458,54 L.Ed.2d 424 (1977). See also: Kirby v. Illinois, 406 U.S. 682,92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Hammons v. State, Ala.Cr.App., 371 So.2d 986 (1979).
 II
Appellant asserts that the victim's in-court identification of him was tainted by an impermissibly suggestive photographic array and lineup. Consequently, he contends that the trial court should have suppressed any evidence and testimony concerning the identification.
 A
Officer R.D. Mobley, of the Montgomery Police Department, testified that on January 24, 1979, he carried eight black and white photographs to the victim informing him that some suspects were in the array and requested him to look at them to see if he recognized anyone. The victim identified the appellant and one other. The photographs were of the same size and clarity with no distinguishing features suggestive that the appellant was the guilty party.
After a complete review of the photographic array and the testimony concerning such, we find nothing impermissibly suggestive so as to taint the in-court identification. Neil v.Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972);Jackson v. State, Ala.Cr.App., 361 So.2d 1152 (1977); Childersv. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala.,339 So.2d 601 (1976). Consequently, we find no error in the trial court's denial of the appellant's motion to suppress on this ground.
 B
Appellant also contends that the lineup viewed by the victim on January 27 tainted his in-court identification in that the appellant was the tallest member of the lineup and was intentionally placed in the middle of the other participants so as to direct the victim's attention to him. A photograph taken immediately after the victim identified the appellant, and illustrating the race, physical size, order of participants in the lineup, and clothing worn, was properly introduced into evidence. That photograph indicates nothing improperly suggestive concerning the characteristics of the appellant when compared with those of the other participants in the lineup. Furthermore, the victim in his testimony concerning the lineup stated that his identification occurred instantly as he walked into the room in which it was held. He testified that he could not describe the order in which the participants appeared in the lineup, nor did he pay any attention to the relative heights of the participants.
In view of the totality of the circumstances, we find no impermissible suggestions from the lineup so as to give rise to any substantial likelihood of misidentification. Neil v.Biggers; Jackson, supra. See also: Fletcher v. State, Ala.Cr.App., 337 So.2d 58 (1976). Additionally, we have *Page 883 
reviewed the photograph of the lineup and find it not to be impermissibly suggestive. We therefore find the trial court properly denied the appellant's motion to suppress.
 III
Appellant contends his statement made to Officers R.D. Mobley and Rick Moore on January 24, and admitted into evidence, should have been excluded on two grounds: (1) that the statement was involuntarily made, and (2) that the interrogation did not cease upon the appellant's request. Neither of those grounds were specifically raised in the trial court below, and no ruling was obtained on those grounds.
During pretrial discussions with the trial court, the district attorney stated that he was going to introduce physical evidence to which the appellant would possibly object. One of the items would be a sawed-off shotgun, apparently used in the robbery, which was recovered from the home of the appellant's girl friend. The district attorney stated that he wished to comment on the gun to the jury in his opening statements. From the record:
 "COURT: Since you express the intent, Mr. Pool, to refer to this weapon in opening statements, I believe, this is the proper time for the presentation of a motion to suppress.
 "MR. COOPER: At this time I'd like to move to suppress the piece of evidence, the shotgun.
 "MR. POOL: I also intend to present into evidence a statement made by the Defendant in some lineups. If they want to have all that prior to the trial that's okay.
"COURT: Well, you can make the motion at this time.
 "MR. COOPER: I would also ask that the lineup identification or photograph identifications or written or oral statements taken from Mr. Charlie McGee be suppressed."
Counsel for the appellant stated no grounds in support of his motion. At no time during the testimony of the officers during the pretrial hearing did counsel object to the voluntariness predicate; neither did the trial court rule on that issue. The trial court's final ruling, without any objection, was that "I'll permit you to make reference to it in opening." (Apparently referring to the shotgun.)
Again during the trial both officers testified as to questioning the appellant. The appellant's statement, State's Exhibit No. 8, was received into evidence without objection. Review on appeal is limited to matters on which rulings are invoked at the trial court. Frazier v. State, 53 Ala. App. 492,301 So.2d 256 (1974); Mitchell v. State, Ala.Cr.App.,338 So.2d 524 (1976). In addition to there being no specific ground set out for suppression, no objection on introduction, and no ruling by the trial judge, the appellant's statement to the police officers was not incriminating, but was exculpatory in nature. Oatsvall v. State, 57 Ala. App. 240, 327 So.2d 735
(1975), cert. denied, 295 Ala. 414, 327 So.2d 740 (1976);Glover v. State, Ala.Cr.App., 347 So.2d 592 (1977).
 IV
Lastly, appellant contends that the introduction into evidence of the shotgun was improper in that it was the product of an illegal search and seizure. We are unable to find in the record where the shotgun was actually introduced and received into evidence. The arguments of both the appellant and the State presume its introduction. Counsel for appellant likewise moved to exclude the shotgun from evidence "as being the fruit of an illegal search and seizure, and there was no valid consent to search this house." The trial court denied that motion. In any event, the appellant had no standing to raise the search and seizure issue. Fourth Amendment rights are personal rights which may not be vicariously asserted. He may not assert that a violation of the Fourth Amendment rights of a third party would entitle him to have the fruits of that search suppressed at his trial. Rakas v. Illinois, 439 U.S. 128,99 S.Ct. 421, 58 L.Ed.2d 387 (1978); McCraney v. State, Ala.Cr.App., 381 So.2d 102 [Ms. February 26, 1980]. Likewise, *Page 884 
consent to search is a valid exception to the warrant requirement. Daniels v. State, 290 Ala. 316, 276 So.2d 441
(1973). This was a "consent" search.
AFFIRMED.
All the Judges concur.