LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction of robbery and a sentence of imprisonment for forty years.
Although defendant took the witness stand and stoutly denied his guilt, there was ample evidence to support the verdict of the jury. There is no contention on appeal to the contrary. The evidence was conclusive that the crime was committed. There was substantial circumstantial. evidence, but no direct evidence, that defendant was the one who committed the particular crime.
The only issue presented on appeal is stated by appellant as follows:
“Whether reversible error resulted when the trial judge overruled the defendant’s motion for a mistrial on. the grounds that the defendant was put in an untenable position by the judge when he was called upon for additional testimony or to perform an act, or make a demonstration, before the jury. ’ This having transpired after all the evidence was completed and final arguments having been made by both the state and the defense.”
The incident on the trial that is made the basis of the issue on appeal is now stated in full, as it appears in the record at the conclusion of the argument of attorneys for both parties, and immediately after the court had declared a short recess for the jury and before it left the jury box:
“(Whereupon, a Juror raises his hand to ask a question, and the following occurred.)
“THE COURT: Yes, sir.
“A JUROR: May it please the Court, could I see the Defendant take a pencil and write on a piece of paper?
“THE COURT: If you could do what?
“A JUROR: Give the Defendant a piece of paper and write on — a pencil and write on a piece of paper?
“THE COURT: Do you have any objections, Mr. Tucker?
“Well, I think now, Mr. Juror, from what you have asked you will have an Exhibit that the Defendant has testified concerning this and I am sure, not now but later you and the other Jurors, can *600 discuss that. You will have the Exhibit with you, it will be one of the seven and if you recall all of the things that happened with that Exhibit, how it got into evidence, who put it in. The question if any that was asked the Defendant about it, do you think that will suffice for you?
“A JUROR: Oh, just forget it.
“THE COURT: All right. I have a peculiar problem with the question that you have asked and I know that in your mind it seems quite valid but as a matter of procedural evidence, we have a problem with it. I hope you understand. Is that all right, Mr. Tucker? Well, you go out if you will and try to rest a moment and I will talk to Mr. Tucker, about this. Get some coffee, just relax a little while.
“(Whereupon, the Jury retires to the Jury Room and the following occurred outside the presence of the Jury:)
“MR. TUCKER: I’d like to make a motion for a mistrial at this time. On the grounds that the Defendant is put in a intentable [an untenable] position by not only the Juror but the Judge. When he asked for additional testimony, hearing for an act or Exhibit from the Defendant in the presence, and the Court called upon us to do so. The Defendant was in the position that he could not defend himself or say anything, except you or, comply without embarrassing himself before the Jury.' He’s called on for testimony that he could not give and the Court puts him in a position after the question of the Juror and we ask for a mistrial.
“THE COURT: Motion denied. Before Mr. Tucker, yourself, or the Defendant responded to the Court’s inquiry, the Court had the conversation directly with the Juror. Explaining to the Juror that we couldn’t demand anything like this in effect, and referring the Juror and the Jury, to the evidence that had been introduced including the Exhibits involved.
“MR. TUCKER: I think before that conversation took place, the Court looked directly at the Defendant and asked if that was all right, Mr. Tucker, after he had asked for the Exhibit in writing.
“THE COURT: And you did not respond, nor did the Defendant right?
“MR. TUCKER: Correct.
“THE COURT: . All right, no response was made and before you or the Defendant, responded, the Court then directed its attention and statement to the Juror in his question, do you remember, is that correct?
“MR. TUCKER: Yes, sir.
“THE COURT: So, there was no response by the Defendant nor by the distinguished Defense Lawyer, to the Court’s inquiry concerning the request of the Juror, for the Defendant to write something sown [sic] is that right?
“MR. TUCKER: That is correct but the Defendant was in no position to make any response without prejudicing himself, before the Jury.
“THE COURT: I trust' Mr. Tucker, that you realize, the Court realized that it went on and then discussed the matter with the Juror before any response was made, I’ll deny your motion for a mistrial.
“MR. TUCKER: Yes, sir. Judge, I’d also like to make a motion [a motion unrelated to the matter just quoted] . . .”
The only authority cited by either party on appeal is Harnage v. State, 290 Ala. 142, 274 So.2d 352 (1972), rev’g 49 Ala.App. 563, 274 So.2d 333. The parties agree that the incident that occurred in Harnage, upon which the Court of Criminal Appeals based a reversal but the Supreme Court, by a majority opinion, ruled otherwise, is similar in many respects to the incident forming the basis of the issue in the instant case. They are in rigid disagreement, however, as to whether there is sufficient dissimilarity to require an affirmance on the point, in accordance with what was held by the Supreme Court, Heflin, C. J., and Coleman, J., dissenting.
Notwithstanding the statement in appellant’s brief that there “is no way that anyone can know exactly what the Juror had in mind when he made the request to see the Defendant write on a piece of paper,” it appears that his request was related to evidence in the case, particularly State’s Ex *601 hibit No. 7, which was a written.statement, signed by defendant and given to an officer a day or two after the alleged crime. That exhibit was admitted, in evidence without any objection from defendant, and as to it he was interrogated on cross-examination in an effort by the State to show a variation between portions of the statement and defendant’s testimony as to his whereabouts at or about the time of the alleged crime. He said, inter alia:
“Q. Well, did you, is that your writing?.
“A. Some of it.
“Q. You did sign it didn’t you?
“A. Yes, that’s my signature.
“Q. Well, are you saying that is or is not your writing, did you write that out or not?
“A. I wrote this right here.
“Q. All right. You didn’t write the top up here, did you?
“A. Right.
“Q. You wrote this right there that says, ‘Took wife to work at 7:00 A.M., then went to the Dairy Queen and sat to 7:30 to 8:00 A.M., to talk to Bobby, and he got in touch with his brother and went to Vinemont, got Ford I had sold to Bobby, and got a gun around 12:00’ you wrote that didn’t you?
“A. Right and that was the morning before.
“MR. BLAN: I introduce—
“Q. Beg your pardon?
“A. Instead of that morning.
“Q. That’s true, that was the morning before, this is dated the 20th?
“A. No that was the morning before the robbery, Becky had told me that was the day that Bobby hadn’t opened, it was the day before that.”
The facts relating to the similar incident in Harnage, supra, are fully set forth in the opinions of both courts therein. To reverse the instant case by reason of the incident involved would be inconsonant with the opinion of the Supreme Court in that case. Furthermore, the additional circumstances in the instant case, particularly the obvious satisfaction of the juror who made the inquiry, when he stated, “Oh, just forget it,” after the court had focused the attention of the jury upon an exhibit in which they would find thereon handwriting of the defendant that would dispense with any need or desire for a specimen of defendant’s handwriting, require the conclusion that the defendant’s rights were not “prejudiced under the circumstances; therefore, we will not disturb the trial court’s ruling in this regard.” Harnage v. State, 290 Ala. at 145, 274 So.2d at 355)
We find no error in the record prejudicial to the defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court! The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.