The defendant was indicted and convicted for the robbery of Flora Seymour. The trial judge sentenced the defendant to forty years' imprisonment because of the heinous and aggravating circumstances of this case.
The facts show that at approximately 6:00 o'clock on the evening of December 28, 1979, the defendant attacked Mrs. Seymour as she was attempting to unlock the door to her home after returning from the grocery store. The defendant struck her from behind, knocked her against the house, grabbed her purse and jerked it out of her hand. This occurred during a time when a number of elderly residents of the Old Cloverdale section of Montgomery were being attacked and robbed often right outside their own homes.
 I
With the following order, the trial judge denied three pretrial motions filed by the defendant:
 "The court having read and considered the motions for discovery, demurrers to the indictment, and motions to quash the indictments, and the court being of the opinion and finding that said motions are `canned' motions and `form' motions, the court finds that they are not filed in good faith and are due to be, and the same are, hereby denied.[1]"
The defendant now contends that the overruling of his motions on the basis of the Alabama Rules of Civil Procedure constitutes reversible error.
We have carefully reviewed the defendant's pretrial motions and conclude that they are without merit and were therefore properly denied.
We do not interpret the order of the trial judge as being based solely on noncompliance with Rule 11 ARCP. The Alabama Rules of Civil Procedure "have no application in criminal proceedings." See Committee Comments to Rule 1, ARCP.
Even if the trial judge erroneously denied the motions strictly because of noncompliance with the ARCP, his judgment does not constitute reversible error on appeal since we have found the motions to be without merit. If a court's ruling is correct for any reason, it will not be reversed because the court assigned the wrong reason therefor. Harnage v. State,290 Ala. 142, 274 So.2d 352 (1972); Knox v. State, 365 So.2d 349
(Ala.Cr.App. 1978).
 II
The defendant argues that the lineup procedure was "so necessarily prejudicial as to be a denial of due process of law." *Page 909 
We have reviewed the totality of the circumstances surrounding the lineup which we have gathered from the testimony on the motion to suppress, the evidence presented at trial and the color photograph of the lineup. Without detailing all these circumstances, an adequate summary of the situation is contained in the order of the trial judge denying the motion to suppress.
 "THE COURT: Mr. Payne (Defense Counsel), I don't find, and I don't think that the law requires, that the people who are in a line-up must be identical. I think it requires that they be substantially similar. And I think there are a sufficient number of people in this line-up that are of similar appearance to the Defendant's in this case and I am going to deny your motion.
 "And it would be my opinion that the only issue you have with regard to this is the dissimilarity of the individuals who are in the line-up. I don't find from the facts that you have presented that there was any police misconduct or anything else that might have tainted the line-up in this case. And if you have an issue at all it is an issue of whether the people in the line-up, in and of themselves, are substantially similar enough to not make the line-up suggestive, or that the Defendant's appearance is so substantially dissimilar from the rest of the people in the line-up that that would make it unnecessarily suggestive. But I see that as the only issue you have. And it is the court's ruling that they are close enough; it is not suggestive."
In this lineup, all the participants were dressed identically (in jailhouse clothing). Compare Brazell v. State, 369 So.2d 25
(Ala.Cr.App. 1978), cert. denied, 369 So.2d 31 (Ala. 1979), andGriffin v. State, 356 So.2d 723 (Ala.Cr.App.), cert. denied, Exparte Griffin, 356 So.2d 728 (Ala. 1978). The fact, in and of itself, that there was some slight discrepancy in physical appearance among the participants of a lineup does not taint that identification procedure or render it suggestive as a matter of law. Tate v. State, 346 So.2d 515 (Ala.Cr.App. 1977).
 "(T)he disparate physical appearances of the lineup participants is not alone sufficient to warrant a finding of suggestiveness. Caver v. Alabama, supra
(537 F.2d 1333 (5 Cir. 1976), cert. denied, 430 U.S. 910, 97 S.Ct. 1183, 51 L.Ed.2d 587 (1977)); United States v. Reid, 517 F.2d 953, 965-66, n. 15 (2 Cir. 1975); United States ex rel. Pella v. Reid, 527 F.2d 380, 384 (2 Cir. 1975); United States v. Jackson, 166 U.S.App.D.C. 166, 172, 509 F.2d 499, 505 (1974). `Police stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is required.' United States v. Lewis, 547 F.2d 1030, 1035 (8 Cir. 1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566
(1977)."
 Swicegood v. Alabama, 577 F.2d 1322, 1327 (5 Cir. 1978).
Our findings support the order of the trial judge and we find no error in the denial of the motion to suppress.
 III
The trial court correctly admitted the testimony of Mrs. Elsie Walker and Mrs. Margaret McFall pertaining to robberies the defendant perpetrated against them on December 20, 1979, and December 18, 1979, respectively. Mrs. Walker and Mrs. McFall, like Mrs. Seymour, were returning to their homes, unaccompanied, after grocery shopping between 6:30 and 7:00 P.M. when the defendant accosted them and took their purses. All three ladies were elderly. Mrs. Walker had opened her car door and was preparing to exit when she felt the defendant touch her in reaching across the steering wheel to take her purse. Mrs. McFall had turned to get out of her car when the defendant wrestled her purse from her. Mrs. McFall like Mrs. Seymour, received minor injuries during her struggle with the defendant. None of the ladies had any doubt that the defendant was the robber.
The trial court instructed the jury that Mrs. Walker's and Mrs. McFall's testimony was being admitted for the limited purpose of showing plan, design, scheme, system or identity. *Page 910 
As a general rule, in a prosecution for a particular crime, evidence of other acts which of themselves constitute distinct and independent offenses is not admissible. Ex parte Williams,350 So.2d 708 (Ala. 1971); Hayes v. State, 384 So.2d 623
(Ala.Cr.App. 1979), cert. denied, 384 So.2d 627 (Ala. 1980). However, this well established principle of criminal evidence is subject to several equally well-established exceptions.Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953); Hayes, supra. Wharton's Criminal Evidence, Section 31, sets out the general categories of exceptions as follows:
 "(1) Relevancy as part of the res gestae. (2) Relevancy to prove identity of person or of crime. (3) Relevancy to prove scienter, or guilty knowledge. (4) Relevancy to prove intent. (5) Relevancy to show motive. (6) Relevancy to prove system. (7) Relevancy to prove malice. (8) Relevancy to rebut special defenses. (9) Relevancy in various particular crimes."
See also C. Gamble, McElroy's Alabama Evidence, Sections 69.01et seq. (3rd ed. 1977).
We hold that Mrs. Walker's and Mrs. McFall's testimony was properly admitted under three of above exceptions: relevancy to prove identity, relevancy to prove intent and relevancy to prove system.
The defendant's identity as Mrs. Seymour's robber was in issue. As in Hayes, even though Mrs. Seymour gave a detailed eyewitness account of what transpired, no one else witnessed the assault. While the defense did not present testimony as inHayes, the defendant placed his identity in issue in two ways: by his motion to suppress the State's lineup procedures and by his extensive cross examination of Mrs. Seymour as to her eyesight, her opportunity to observe and the lighting conditions at the time she was robbed.
The State properly showed that the defendant robbed Mrs. Walker and Mrs. McFall in the same peculiar manner. The only difference in the three robberies is that Mrs. Seymour had already gotten out of her car when the defendant grabbed her purse; Mrs. Walker and Mrs. McFall were still in their cars. Mrs. Walker and Mrs. McFall both made positive identifications of the defendant as their assailant. Thus, under the identity exception their testimony was admissible. Hayes and cases cited therein. Also see McElroy, Section 69.01 (8) and cases cited therein for a full discussion on this exception.
Mrs. Walker's and Mrs. McFall's testimony was relevant to prove intent.
 "If the accused is charged with a crime that requires a prerequisite intent, then prior criminal acts are admissible to show that he had the necessary intent when he committed the now-charged crime. This rule is based upon the theory that, because the unintentional doing of an act is abnormal and unusual, the more the person does other acts similar to the act in question, the greater the likelihood that the act in question was not done inadvertently."
 McElroy, Section 69.01 (5). Also see Hayes, 384 So.2d at 626.
Because of the prior similar robberies of Mrs. Walker and Mrs. McFall, the particular intent the defendant had toward Mrs. Seymour becomes more certain. The prior robberies demonstrate clearly that the defendant did not act inadvertently.
Finally, the testimony of Mrs. Walker and Mrs. McFall was relevant to prove system. Again, we must refer to Judge McElroy:
 "Evidence of the accused's commission of another crime is admissible if such evidence, considered with other evidence in the case, warrants a finding that both the now-charged crime and such other crime were committed in keeping with or pursuant to a single plan, design, scheme or system. This rule is applicable whether such plan, design, scheme or system is narrow and specific in scope or is measurably broad and general in scope." McElroy, Section 69.01 (6).
A clearer example of scheme or system than the instant case would be difficult to imagine. The defendant in each of the three robberies, which were committed within ten days of each other, sought out *Page 911 
unaccompanied elderly female victims returning home from the grocery store just after dark. In each case the victim either had just gotten out of her car or was preparing to do so. In each instance the defendant had one objective: to grab the victim's purse, using whatever force he felt necessary, and to escape on foot. Thus, the system exception was satisfied.
Under the facts of this particular case, the criminal acts of the defendant against Mrs. Walker and Mrs. McFall were properly admitted into evidence for the reasons stated.
 IV
During the cross examination of Mrs. Seymour the following exchange occurred:
 "Q. The individuals in the line-up were not dressed the same as the man that you saw on December 28, 1979, were they?
"A. He had been in jail.
"Q. Pardon?
 "A. He had been in jail. They were all crumpled and messy looking."
The defendant's motion for mistrial was denied and the trial court instructed the jury to disregard Mrs. Seymour's remark, to "remove it from your minds. It is not evidence in this case."
The granting of a mistrial rests within the sound discretion of the trial judge. The exercise of that discretion will not be interfered with absent a clear abuse. Woods v. State,367 So.2d 982 (Ala. 1978). Here, there was no abuse of discretion. Witness after witness testified without objection that the lineup was conducted at the police station. Obviously, the defendant "had been in jail." Even had there been error in Mrs. Seymour's remark, we hold that it was rendered harmless by the trial judge's curative instructions.
We have considered each issue raised by the defendant. In addition, we have searched the record for errors prejudicial to the defendant's substantial rights and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] "`See Rule 11 ARCP wherein it provides, inter alia, "the signature of an attorney constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief, there is good ground to support it; and that it is not interposed for delay."'"
This footnote is part of the Judge's order.