SAM TAYLOR, Judge.
On January 3, 1983, Patrick Batteaste was found guilty of robbery in the first degree by a Mobile Circuit Court jury. He was sentenced to life imprisonment.
Appellant’s only issue on appeal involves a request made to the court by the jury a few minutes after it first retired to deliberate.
At trial, the victim testified that the individual who robbed him had had a scar on the left side of his face. The defendant chose not to take the stand but was, of course, present in the courtroom during the trial.
The record reveals that a short while after the jury began its deliberations; the following transpired:
“(Jury notification to bailiff)
“THE COURT: The jury is out of the room. The jury has sent an inquiry to me as to whether or not they can see the defendant’s face. They want to see if he has got a scar on his face; those were the exact words. What’s the position of the State?
“MS. BEDWELL: Judge, I don’t have any objection to it.
“THE COURT: What about it?
“MR. BERTOLOTTI: Judge, the evidence is closed. It is all in. To allow the introduction of additional evidence at this point, I think it would be—
“THE COURT: That’s not evidence, is it?
“MS. BEDWELL: I don’t think so, Judge.
“MR. BERTOLOTTI: I think it is evidence.
“THE COURT: Well, I am going to do it anyhow. I am going to overrule your objection.
“MR. BERTOLOTTI: Judge, I am strongly objecting that the evidence is all in. It is closed.
*798 “THE COURT: All right. Overrule objection. Bring the jury in.
“(Jury present)
“THE COURT: Ladies and gentlemen of the jury, your question has been transmitted to me. I understand it is, you want to look at the defendant’s face; is that correct?
“(Jurors nodding in the affirmative)
“THE COURT: No one may ask the defendant any questions, but the Court wants the defendant to come over here and stand and turn both sides of his face to the jury.
“MR. BERTOLOTTI: Go stand over there. Turn both sides of your face to the jury, Pat.
“(Defendant complies)
“MR. BERTOLOTTI: Show them the other side. Show them both — Show them the other side of your face now.
“THE COURT: Turn the other side now. “(Defendant complies)
“MR. BERTOLOTTI: Is that-all, Judge?
“THE COURT: All right. You can be seated. All right. Ladies and gentlemen, you can return to the jury room and resume your deliberations. The defendant has exception to the Court's ruling.
“(Jury retires for further deliberations at 3:30 p.m.)”
At 3:55 p.m., the jury found the defendant guilty as charged in the indictment.
Appellant claims that since no evidence was presented at trial on the issue of whether or not he had a facial scar, the view given to the jury of his face constituted new evidence and amounted to an improper reopening of the case.
It is true that cases construing § 15-14-4, Code of Alabama 1975, have held that while it is within the court’s discretion to reopen a case and present evidence any time prior to the close of final arguments, to do so after submission of the case to the jury is error. Jolly v. State, 405 So.2d 76 (Ala.Cr.App.1981).
However, we find that the trial court’s acquiescence to the jury’s request did not amount to a reopening of the evidence in the case. The appellant was present throughout the trial. It is impossible to suppose that during that time his face was never visible to any members of the jury. The opportunity given to the members of the jury to see the appellant’s face again did not convey any information to them that was not available during trial. Jolly, supra. Merriweather v. State, 364 So.2d 374 (Ala.Cr.App.) cert. denied, Ex parte Merriweather, 364 So.2d 377 (Ala.1978).
Thus, we find no merit in the issue raised by appellant and the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.