We granted certiorari to review the decision of the Court of Criminal Appeals, 449 So.2d 797, in which the court decided the trial judge did not err when he permitted the jury, over objection of the defendant, to view the defendant's face to see if he had a scar on it.
The Court of Criminal Appeals, while acknowledging that it is error to reopen a case and allow presentation of evidence after a case has been submitted to the jury, nevertheless found that granting the jury's request to view the appellant's scar did not amount to a reopening of the evidence because the appellant had been present throughout the trial and thus the court's action did not convey any information to the jurors not available during the trial. See Jolly v. State, 405 So.2d 76
(Ala.Cr.App. 1981).
We disagree with the court's rationale, because where, as here, the evidence relates to the person of the accused, the principle of law in Harnage v. State, 290 Ala. 142,274 So.2d 352 (1972), is controlling. In Harnage, the Court ruled that a jury request to view the hands of the defendant, who was charged with murder by strangulation, came too late because the case had already been presented to the jury and any member of the jury had had the opportunity to observe the defendant's hands during the trial, particularly while the defendant was testifying in his own behalf. 290 Ala. at 144,274 So.2d at 354.
Consequently, the judgment is reversed and the cause remanded to the Court of Criminal Appeals.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
 ON APPLICATION FOR REHEARING