TYSON, Judge.
Randy Hollingquest was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The appellant was sentenced to life without parole in the State penitentiary, in accordance with the Habitual Felony Offender Act.
On March 25, 1988, at approximately 12:45 p.m., the appellant entered the Majik Market at 112 55th Place South, in Wood-lawn, Birmingham, Alabama. The appellant asked the clerk on duty, Winiver Miller, whether the store had a particular type of candy. Miller told the appellant where the candy was located and the price of the candy. After the appellant paid for the candy, Miller opened the cash register to give him his change. The appellant pulled a knife from his jacket, put the knife to Miller’s stomach and told her “move back, just move back.” (R. 17) Miller was then told to get on the floor. The appellant proceeded to remove the money from the cash register. He could not put all of the change in his pocket, so he removed the cash register drawer.
Winiver Miller testified that she saw another person enter the store during the robbery. This person was described as a short, black man, and he was wearing a hat. The man came over to the counter where Miller was kneeling and told her not to move. He left the store shortly thereafter.
Miller further testified that the store had an automatic alarm system inside the cash register. The alarm is triggered when money is taken from the money clip. Once the money is taken, a direct alarm goes to the police office and a hidden camera in the store is activated.
Jacqueline Simmons reported to work at Majik Market at approximately 1:00 o’clock on March 25, 1988. When she approached the store she observed a tall, black man standing behind the counter and a man standing on the outside of the store. She noticed a third man coming out of the store.
When Simmons went to a newspaper rack, located just outside the store, the appellant came out of the store carrying the cash register drawer. Simmons identified this appellant as the tall, black man whom she saw carrying the cash register drawer from the Majik Market.
On March 30, 1988, Officer Bernard Mays of the Jefferson County Sheriff’s Department organized a lineup, where Miller was given an opportunity to identify the person who committed the crime. Officer Mays testified that the procedure he used in developing the lineup is the same procedure used in other lineups. Officer Mays matched the appellant’s picture with other inmates pictures. He compares them based on height, weight, age, and general appearance.
During the lineup, Miller requested the participants to give a voice sample. She then picked the appellant out of the lineup. Miller testified that no suggestion was made at the lineup by the police as to the identity of the perpetrator.
*1080 I
The appellant contends that the pretrial lineup was unduly suggestive, and that trial judge erred in allowing the pretrial identification into evidence. The appellant’s specific challenge to the line-up is that he was distinctly taller than the other participants. He further alleges that the only other participant in the line-up within two years of his age was four inches shorter and the only participant within two inches of his height was seven years older.
The “totality of the circumstances” test is used to determine whether a pre-trial identification was unduly suggestive. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). An analysis of the totality of the surrounding circumstances in this case includes an inquiry into: (1) the similarities of the participants in the lineup, (2) the manner in which the lineup was organized, and (3) the basis for the victim’s identification.
The lineup consisted of six black males dressed in blue clothes. Their ages varied from 23 to 41, their height varied from 75 to 79 inches, and their weight varied from 185 pounds to 213 pounds. The appellant was the tallest participant in the lineup. He was at least two inches taller than all but one of the other participants.
The fact that there was some discrepancy in physical appearance among participants in the lineup does not taint the identification procedure or render it suggestive as a matter of law. Lewis v. State, 399 So.2d 907 (Ala.Cr.App.1981). Nor does the fact that the appellant is the tallest or shortest in the lineup make the lineup unduly suggestive. McGee v. State, 383 So.2d 881 (Ala.Cr.App.), cert. denied, 383 So.2d 884 (Ala.1980); Jones v. State, 450 So.2d 165 (Ala.Cr.App.1983), aff'd, 450 So.2d 171 (Ala.1984).
In Tate v. State, 346 So.2d 515 (Ala.Cr.App.1977), this court held that the fact that defendant was four inches shorter than the other men in the lineup did not make it suggestive per se. In the case at bar, merely because the appellant is two inches taller than the other participants would not be sufficient to find that the lineup was unduly suggestive. Further, the victim’s identification of the appellant was not based on his height, but was based on her memory of the appellant’s face and voice.
The appellant argues that the only participant within two inches of his height was seven years older than appellant. This court, in Harris v. State, 57 Ala.App. 558, 329 So.2d 618 (Ala.Cr.App.1976) held that although a lineup of five persons should have included persons of approximately the same age, the fact that one person in the lineup was older than the other did not render the lineup unduly suggestive in the absence of any indication that the oldest person in the lineup was so different in appearance from the rest as to require his exclusion.
The appellant’s objection in this case was based solely on height and there was no argument that the older participants were so different in appearance from the rest of the participants. There was no testimony that the participants who were older than appellant looked substantially older than the other participants.
The lineup was organized by Officer Mays of the Jefferson County Sheriff’s Department. In preparing the lineup, the officer compared the appellant’s picture with other inmates’ pictures. He matched the appearances, height, weight, and age of the other participants. The officer chose other participants as close to appellant’s height, weight, etc. as possible. The officer followed the departments usual procedure for preparing lineups.
The final factor to consider is the basis of the victim’s identification of the appellant. The victim testified that she identified the appellant because she remembered his face. She also testified that she identified him based on voice identification.
The victim requested that the participants in the lineup say, “move back, just move on back,” as was said to her during the robbery at issue. All of the participants said these words. The victim remembered appellant’s voice because “it was so deep.” (R. 22).
*1081 Based on the totality of the circumstances, we find that the lineup was not unduly suggestive. Thus, we find no error.
II
The appellant contends that he was denied counsel during the pre-indictment lineup. A pre-indictment lineup is not a stage of an adversary judicial criminal proceeding at which the right to counsel attaches. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); McGee. Therefore, this contention is without merit.
For the reasons shown, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.