Mary Williams was convicted of first degree theft of property and of second degree theft of property. The Court of Criminal Appeals affirmed those convictions. We reverse that court's judgment and remand the cause.
Williams was indicted for first degree theft of property and second degree theft of property in relation to alleged overpayments made to her by the Alabama Department of Human Resources from its Aid to Dependent Children program. During jury selection, the State used peremptory strikes to strike four of the five black venire members; the other black venire member was selected to serve on the jury. After the jury was impanelled and sworn, Williams made a motion to quash the jury panel pursuant to Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The State did not object to the motion as untimely. Instead, the State gave purportedly race-neutral reasons for three of the four peremptory strikes that served as the basis for Williams's Batson motion. No explanation was offered for *Page 988 
the fourth strike. The trial court considered the State's argument and denied Williams's Batson motion. Williams appealed the trial court's denial of that motion. When the Court of Criminal Appeals affirmed Williams's conviction, it did so with only this comment: "Affirmed without opinion as to sufficiency issue; affirmance on all other issues is based on procedural bars." 555 So.2d 1209.
The State argues that the holding of the Court of Criminal Appeals in relation to the Batson issue is that Williams's claim is "procedurally barred" because her motion should have been made after the State used its peremptory strikes, but before the jury was sworn. The trial court denied Williams's motion because it accepted the State's allegedly race-neutral reasons for the peremptory strikes; it did not deny the motion because of the "procedural" requirement that the motion be made before the jury is sworn. Accordingly, the Court of Criminal Appeals affirmed the trial court's judgment on the substance of Williams's Batson motion by using a procedural bar that was not raised by the State until appeal.
The State argues that such a holding is permissible, because, it argues, this Court may affirm the trial court's judgment even if it disagrees with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper. To support its argument, the State cites Collier v.State, 413 So.2d 396 (Ala.Cr.App. 1981); cert. granted, aff'd,Ex parte Collier, 413 So.2d 403 (Ala. 1982); Wyrick v. State,409 So.2d 969 (Ala.Cr.App. 1981); Lewis v. State, 399 So.2d 907
(Ala.Cr.App. 1981). In Collier, the defendant was convicted of unlawful possession of marijuana. Collier contended that the warrantless search pursuant to which the marijuana was found violated his Fourth Amendment rights. The Court of Criminal Appeals ruled that he did not have standing to contest the validity of the search and seizure, because he did not have any legitimate expectation of privacy from governmental invasion in the areas searched, as discussed in United States v. Salvucci,448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). The court wrote, "If the ruling of the trial court is correct for any reason, it will not be reversed." 413 So.2d at 403.
In Wyrick, the defendant was convicted of manslaughter. Wyrick contended that the trial court erroneously overruled an objection to testimony she gave on cross-examination by determining that the testimony was admissible as evidence of motive. The Court of Criminal Appeals held that Wyrick's objection was without merit, though not for the reason that the trial court cited. The court stated, "If a trial court's ruling is correct for any reason, it will not be reversed because the court assigned the wrong reason therefor." 409 So.2d at 974. Finally, in Lewis, the defendant made motions for discovery, demurrers to the indictment, and motions to quash the indictments, all of which the trial court denied. The Court of Criminal Appeals held that the motions were without merit and, thus, were properly denied. The court wrote:
 "Even if the trial judge erroneously denied the motions strictly because of non-compliance with the [Alabama Rules of Civil Procedure, which are not applicable in criminal cases,] his judgment does not constitute reversible error on appeal since we have found the motions to be without merit. If a court's ruling is correct for any reason, it will not be reversed because the court assigned the wrong reason therefor."
399 So.2d at 908. (Citations omitted.)
Undeniably, these cases stand for the proposition that an appellate court can disagree with the reasoning that the trial court gave in entering a judgment but still affirm the judgment, as long as the judgment itself is proper; indeed, this is a general proposition of law. See, e.g., Smith v.Equifax Services, Inc., 537 So.2d 463, 465 (Ala. 1988).
Williams argues that a close reading of the cases cited by the State reveals a distinction between the rule's application in those cases and in the case at bar. Specifically, Williams argues that in those cases the rule was not applied to a situation, such *Page 989 
as the one here, where the trial court made asubstantive ruling that might be erroneous but that would have been justified on the basis of a prior procedural flaw. In light of that argument, we re-examine Wyrick, Lewis, andCollier.
In Wyrick, the issue concerned whether the trial court properly overruled an evidentiary objection for what may have been an incorrect reason. Similarly, in Lewis, the issue concerned whether the trial court properly overruled the motions for discovery, demurrers to the indictment, and motions to quash the indictment based upon the Alabama Rules of Civil Procedure. The Court of Criminal Appeals found the motions to be meritless, even if the trial court overruled them for the wrong reason, and, accordingly, affirmed the judgment. In neither of those cases did the trial court improperly rule on the substance of the objections or motions. In each case, the trial court heard the objection and the motions and then made its decision based upon its understanding of the substantive law. Although the trial court's understanding and application of the substantive law may have been improper, the judgment was held not to be in error, because the trial court's incorrect understanding of the law did not alter the ultimate substantivedetermination. The reason that it did not was that in each case, the ultimate ruling was correct.
Williams argues that Collier, too, can be distinguished by this reasoning. The merits of Collier's motion to suppress formed the issue joined at trial and the issue on which the trial court ruled; the trial court's judgment was affirmed on other substantive grounds, namely, that the defendant did not have standing to challenge the search because he had no legitimate expectation of privacy from governmental intrusion in the area searched. Again, Williams argues, the trial court's ruling was substantively correct, although not necessarily for the reasons it gave in making the ruling.
We agree with Williams that the State's cases are distinguishable, because in those cases the trial court's misunderstanding of the law did not alter the ultimatesubstantive determination. The appellate court in those cases did not use a procedural basis that was not asserted until appeal to justify an alleged substantive error.
Additionally, as a general proposition of law, the failure of a party to object to a matter at trial precludes the party from raising that matter on appeal as error. See, e.g., Ex parteWilhite, 485 So.2d 787 (Ala. 1986) (objection to improper argument may not be heard for the first time on appeal); Exparte Gilchrist, 466 So.2d 991 (Ala. 1985) (failure to object to indication by the trial court that certain jury charges had been requested by the defendant waived the objection). The State's failure to object to the untimeliness of Williams's motion waived that objection on appeal.
The trial court's ruling on Williams's Batson motion remains for us to examine. We examine Batson cases, in part, by referring to Ex parte Branch, 526 So.2d 609 (Ala. 1987), which explains how Batson is applied and interpreted by Alabama courts in light of federal holdings. The following discussion occurred with regard to Williams's Batson motion:
 "MR. GESPASS: Judge, we move for a mistrial on the basis that the State struck 80 percent of the Blacks who were in the jury box and [we] think that that's historically been done by both the Attorney General's office and the District Attorney's office, removing Blacks from the jury when there is a Black defendant.
 "We would add an addendum and ask that the State state its reasons pursuant to the Batson case as to why it struck — used over 50 percent of the strikes to exclude Black jurors and struck 80 percent of the only 5 Black jurors that were in the venire to begin with.
"THE COURT: State wish to respond?
 "MR. COLLEY: Your honor, we were using our peremptory strikes as we have a right. We were using our discretion to get the best jurors that we felt would give the State a fair trial in . . ..
"THE COURT: Have you read the Batson case?
"MR. COLLEY: Yes sir. *Page 990 
 "THE COURT: Do you want to be more explicit about why you struck Blacks?
 "MR. COLLEY: I believe . . . several of the jurors had been involved or had received — unemployed at one time or received food stamps at one time.
 "THE COURT: There were 2 Black jurors, as I understood it, one had applied for food stamps and one had received food stamps.
"MR. COLLEY: That's correct.
"THE COURT: Do you remember their names?
 "MR. COLLEY: Mr. Franklin and Mr. Daniels. One was unemployed at this time and one was listed as unemployed at a previous time also.
". . . .
 "MR. COLLEY: Mr. Franklin was, I believe, our first strike. Mr. Daniels was our third strike. They both had been unemployed at one time or another and had received food stamps or either applied for them.
 "THE COURT: There is one Black on the jury, who is that?
"MR. COLLEY: Mr. Maul, Christopher Maul.
 "MR. GESPASS: Judge, that's only two of the four. Mr. Colley has given no justification whatsoever for striking Maggie Jennings.
 "MR. COLLEY: Your Honor, I don't believe the Batson case says that you cannot strike Blacks from the jury under any circumstances.
"THE COURT: I don't think it says that either.
"MR. GESPASS: But it does say —
 "THE COURT: The burden of proof is on you to tell why you did it.
 "MR. COLLEY: I think a very instrumental part of any attorney's selection of the jury venire is an impression or feeling or look they get from people responding to questions, whether it be a Miss Jennings, seem to be maybe a personality, someone that you want to be maybe not a too dominating of a personality. Miss Jennings appeared to be very opinionated . . . .
 "THE COURT: Are you telling me that you did not strike them solely because of race?
 "MR. COLLEY: By no means, Your Honor. There are other numerous considerations that come into play.
"THE COURT: Motion denied.
 "MR. GESPASS: Note our exception, Judge. I don't think those reasons comply with the Batson ruling. I would also note that there was one additional Black, Mr. Connor, and no reason has been given for him either.
"THE COURT: Note your exception."
Williams's evidence that the State struck four of the five black venire members is sufficient evidence of discrimination to establish her prima facie case for discrimination.Branch, 526 So.2d at 622-23. With the prima facie case established, there is a presumption that the peremptory challenges were used to discriminate against black jurors,Branch, at 623; the State then has the burden of articulating a clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory. Branch, at 623. We do not determine whether the reasons given for striking Franklin, Daniel, and Jennings were sufficient to withstand Williams's Batson challenge; by not determining whether the reasons given were sufficient, we do not mean to imply either that they were or that they were not sufficient. The State provided no explanation whatsoever for its strike of Connor. Accordingly, the State failed to meet its burden necessary to rebut Williams's prima facie showing of discrimination. Branch, at 622-24. The trial court thus erred when it denied Williams's Batson motion. The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur. *Page 991