TYSON, Judge.
Percell Hemphill was charged in a 13-count indictment with various crimes, specifically burglary .in the first degree (three counts), burglary in the second degree (one count), attempted burglary in the second degree (one count), rape in the first degree (three counts), attempted rape in the first degree (one count), sodomy in the first degree (one count), attempted sodomy in the first degree (one count), and robbery in the first degree (two counts). The 13 counts involved five separate events which occurred in Tuscaloosa County, Alabama, between November 13, 1985, and January 22, 1986. Upon motion by the appellant, counts XI, XII, and XIII (one count each of burglary, rape, and robbery in the first degree) were severed for a separate trial.
The remaining counts (I — X) were joined, and the appellant was tried thereon. At the close of the State’s case-in-chief, the trial court granted the appellant’s motion to dismiss count III of the indictment (attempted sodomy in the first degree). The other nine counts were submitted to the jury, and the jury found the appellant “guilty as charged in the indictment” on each of these charges. The trial judge thereafter sentenced the appellant to two terms of 20 years’ imprisonment on counts I and II, to one term of 10 years’ imprisonment on count IY, and to six terms of life imprisonment on counts V through X, all to be served consecutively.
This appellant now appeals from these convictions and sentences.
The appellant contends that the State impermissibly struck blacks from the jury venire contrary to the mandates of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
During voir dire examination of the ve-nire, the trial judge, prosecutor, and defense counsel all posed questions to the venire panel. At the conclusion of the voir dire examination, three jurors were dismissed for cause. The attorneys then exercised their peremptory strikes until 12 jurors remained. The trial judge then asked the attorneys: “Gentlemen, is this your jury?” (R. 49). Both attorneys responded affirmatively.
Thereafter, the jury was empaneled and sworn, and the trial judge released the jurors for lunch. At this time, out of the presence of the jury, the following colloquy occurred:
“MR. PIERCE: Judge, I want to for the record, object to the fact that out of the DA’s 13 strikes, seven of those strikes were black jurors: jurors number 51, 75, 57, 59, 61, 38, 37 were black. There were eleven blacks on the jury panel.... Striking seven blacks of the 11 indicates that there was [a] pattern on the part of the DA’s office to strike blacks off of this jury.
“THE COURT: How many blacks did you have?
“MR. LEMLEY: We had 13, Your Hon- or.
“THE COURT: How many did you strike?
“MR. PIERCE: I struck two blacks.
*367 “MR. LEMLEY: If I may also point out for the record, first: there were, each side had 13 strikes. The State had. 13, the Defense had 13. There were 11 blacks on the venire. We only chose to strike seven blacks for percentage wise just a little bit over 50%. We would also note that the Defense only struck two, which is — He struck 85% folks from the white race, which is a much greater discrepancy; the State, if we had wanted to exclude blacks from this jury, we could have struck all 11 blacks and still had two strikes to spare, and in fact, there were two black people on this jury.”
(R. 52-53).
It is not clear if the appellant was making a “Batson motion” or not. The trial judge made no ruling in this regard. In fact, immediately' following the assistant DA’s comments, defense counsel began discussing another subject, i.e., the State’s motion in limine. No other mention is made of a possible Batson violation.
A Batson challenge must be made before the jury is empaneled or sworn. Bell v. State, 535 So.2d 210, 212 (Ala.1988). This standard, however, was recently modified in Ex parte Williams, 571 So.2d 987 (Ala.1990). In Williams, the Alabama Supreme Court stated that, where a Batson challenge is untimely, the State must object to the “untimeliness” to be able to claim a procedural bar on appeal.
The State chose instead, in the present case, to defend its strikes. Nonetheless, we are unable to determine if the reasons enunciated are sufficient, since they are so general in nature.
Because of Williams, supra, this court is required to remand this case to the trial court with instructions that a hearing be held to address the merits of the appellant’s Batson claim. The trial court must first determine if the appellant has presented a prima facie ease of racial discrimination. If he finds that the appellant has met this burden, the burden then will shift to the State to present race-neutral reasons for the removal of the seven black jurors from the venire panel.
Following such a hearing, with counsel present for the appellant, the trial judge shall file a written order making his findings of fact and conclusions of law. Due return shall be then filed promptly in this court showing these matters.
REMANDED WITH DIRECTIONS.
TAYLOR, P.J., and PATTERSON and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion.