Darrell Gilder was indicted on one count of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, three counts of attempted murder, in violation of § 13A-4-2, Code of Alabama 1975, and three counts of assault in the second degree, in violation of § 13A-6-21, Code of Alabama 1975. The jury found the appellant guilty of one count of robbery in the first degree and three counts of attempted murder. The appellant was sentenced to four life sentences without parole to run consecutively.
The appellant does not challenge the sufficiency of the evidence. Thus, the facts will be briefly stated.
On July 3, 1987, Grandview Pines AmSouth Bank in Elmore County was robbed by the appellant and Barry Brown. During the robbery the appellant shot three bank employees. One bank employee was permanently paralyzed as a result of her gunshot wound.
 I
The appellant objected to the petit jury selection on the basis that certain peremptory strikes by the prosecution discriminately excluded blacks from the jury in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
When defense counsel objected to the jury venire with reference to the State's strikes, the prosecuting attorney gave the following reasons for striking potential jurors. The prosecuting attorney stated that she struck juror number 54 because "she did not understand that she was supposed to wait until all the evidence was in before she made her decision." (R. 195). Furthermore, defense counsel had previously stated that he was concerned about juror number 54's understanding of the trial process.
Juror number 49 was struck because he knew the appellant's family and because the prosecuting attorney saw this juror talking to the family of Barry Brown (the other bank robber). Two men whom juror number 15 knew had told him the appellant and Barry Brown had asked to borrow a gun from them. Juror number 15 was struck because he knew too much about the case.
Juror number 17, who was the alternate juror, was struck because his mother served on this jury. The prosecuting attorney stated that she did not like immediate family members to serve on the same jury.
After the prosecuting attorney's explanations, the trial judge upheld the prosecutor's strikes of these four potential jurors as being "race neutral".
The appellant contends that the trial judge erred by finding that the prosecuting attorney's reasons for striking four blacks were race neutral.
 "In Batson the Supreme Court did not eliminate peremptory strikes altogether. It simply said that such strikes must not be used to discriminate on a racial basis. We appreciate that it is impossible to know what is in the mind of another person, and that it is possible that, in stating his reasons for striking a black member of the venire, a prosecutor may give a reason that is not the true reason, but we are convinced that the trial *Page 1308 
judges in our system are in a much better position than appellate judges to decide whether the truth has been stated."
Ex parte Scales, 539 So.2d 1074 (Ala. 1988).
Unless the trial judge's determination that the prosecutor's reasons were race neutral is clearly erroneous, we will not reverse the trial judge's decision. Acres v. State, [Ms. 3 Div. 843, October 28, 1988] (Ala.Crim.App. 1988). Ex parte Branch,526 So.2d 609 (Ala. 1987).
The trial judge determined that the explanations given by the prosecutor were race neutral. The guidelines set out inBatson and Ex parte Branch were followed in this case. Thus, we find that the trial judge was correct in his ruling in this regard.
 II
The appellant maintains that the trial judge erred by admitting the appellant's statement. He contends that this statement was obtained through trickery and deception.
On July 5, 1987, the appellant was arrested for an unpaid traffic ticket. The next day Bob Lee and James Jackson of the Alabama Bureau of Investigation interviewed this appellant. The appellant was advised of his Miranda rights and signed a waiver of rights form. The appellant then voluntarily admitted to participating in this bank robbery.
When the appellant came into the interrogation room, a gun and some fingerprints, lifted from the scene of the bank robbery, were on the table. James Jackson testified that the purpose for the items being in the room was to insinuate that they had lifted the appellant's fingerprints from the scene of the bank robbery. Jackson admitted that at some point during the interrogation the appellant was told, "We have the evidence." However, Jackson and Lee never told the appellant that the fingerprints lifted from the scene of the robbery had been identified as his own.
After a hearing on the motion to suppress the appellant's statement, the trial judge determined the appellant's confession was voluntarily given. The confession was then admitted into evidence.
The voluntariness of a confession is a question for the trial judge and should not be disturbed on appeal unless it is manifestly wrong. Tice v. State, 386 So.2d 1187 (Ala. 1980).
In Barrow v. State, 494 So.2d 834 (Ala.Crim.App. 1986) the accused was told his fingerprints had been found on a cigarette carton which had been taken from the vehicle which the accused was attempting to steal. When the police officer made this statement he did not know if the fingerprints were those of the accused.
The accused argued that the police officer's comment that his fingerprints had been identified induced his statement. In upholding the voluntariness of the accused's statement, this court held:
 "[A] confession is not inadmissible merely because it was induced by a trick or misrepresentation which was not reasonably calculated to lead the accused to confess falsely." C. Gamble, McElroy's Alabama Evidence § 200.07(7) at p. 437 (3rd ed. 1977), citing Fincher v. State, 211 Ala. 388, 100 So. 657 (1924).
Id. at 839.
We find no evidence that the placement of the gun and lifted fingerprints on the table were intended to mislead this appellant into confessing falsely. Thus, we find that the trial judge correctly admitted this appellant's statement into evidence.
 III
The appellant argues that the trial judge abused his discretion by allowing the State to reopen its case. Before closing arguments, the State asked the trial judge to reopen its case to allow the prosecution to identify this appellant as one of the persons who robbed the bank at issue.
The trial judge in his discretion may, before the close of the final arguments, allow a party to provide an omission in the chain of evidence. Ala. Code § 15-14-4, 1975. Ballenger v.State, 406 So.2d 995, 997 (Ala.Crim.App.), writ denied,406 So.2d 998 (Ala. 1981), cert. denied, *Page 1309 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982).
Thus, we find no abuse of discretion by the trial judge in allowing the State to reopen its case.
For the reasons hereinabove stated, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.