Timothy Christopher Atchison was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and the trial judge sentenced him to fifty years in the state penitentiary.
The prosecutrix in this cause was a school teacher at Shelby County High School in November of 1987. She taught students in the emotional conflict program. The appellant, fifteen years old at the time, was one of her students.
According to federal guidelines, the teachers in this special education program were required to give a battery of tests to the students to monitor their performance. On November 24, 1987, the prosecutrix used her planning period, between 2:00 and 3:00 p.m., to test this appellant. She had been unable to administer the test to the appellant in the past because of his excessive absences.
The appellant did not complete the test until after 3:00 p.m. As a result, he missed his bus. The prosecutrix offered to take the appellant to his home.
The prosecutrix drove, while the appellant directed her. The prosecutrix testified that she began to get worried when the appellant told her to turn down a narrow dirt road. She told the appellant that he would have to walk the rest of the way, because she had an appointment in Birmingham, Alabama, and she feared that she would be late. The appellant got out of the car and attempted to direct the prosecutrix as she tried to turn her car around in the narrow roadway.
After the prosecutrix had her car positioned perpendicular to the road, the appellant opened the passenger side door, pulling a pair of sharp-pointed scissors from his rear pocket. He grabbed the prosecutrix's blouse, tearing it in the process. He held the scissors near her throat and instructed her to turn the car off.
The appellant then walked to the driver's side of the car. He told the prosecutrix: "If you don't do what I want I'm going to kill you." (R. 27).
The prosecutrix tried to talk the appellant out of doing anything. She told him that she was his teacher and that he didn't know what he was doing.
The prosecutrix testified that the appellant got angry, and the scissors started shaking in his hand. He instructed her to quit talking and take her clothes off or that he would kill her. She took off her stockings and panties. As she did, the appellant walked around to the passenger side door. The prosecutrix reached for the door and tried to close it, but the appellant grabbed it and prevented her from doing so.
After trying three times, the appellant penetrated the prosecutrix. The appellant got up, wiped himself with a paper towel and threw it on the ground. The prosecutrix convinced him to throw the scissors away.
The appellant got back into the car and directed the prosecutrix back to Columbiana, where he got out of the car. During the trip, the prosecutrix told the appellant not to tell anyone of the incident, since she had been through this before (which was not true). The appellant responded by promising not to kill her if she did not tell.
The prosecutrix stopped at a friend's house. Though the friend was not at home, she went into the storage room and put back on her undergarments. She then proceeded back to the school, where she telephoned Ken Mobley, the other teacher in the emotional conflict program. Mobley called the assistant principal, who was at the school, and the police. The police arrived at the school shortly thereafter.
The prosecutrix was taken to the University of Alabama Hospital in Birmingham, Alabama. There, she was examined by Dr. David Byck in the emergency room. A pelvic examination and a rape kit were *Page 1188 
done. The inspection revealed motile (moving) sperm in the vaginal cavity.
Albert Jackson, a neighbor of the appellant, also testified. He stated that on November 24, 1987, the appellant came to his house and told him that "he had got some but he had to use a little force." (R. 104).
The State also called four prior classmates of the appellant. All four witnesses claimed that the appellant had spoken of his desire to have sex with or to rape the prosecutrix on numerous occasions. Three of the witnesses also stated that the appellant had made sexual and crude gestures behind the prosecutrix's back during class.
Mike Smitherman of the Shelby County Sheriff's Department testified that he, the prosecutrix and Chief Larry Offord of the Columbiana Police Department went to the scene of the crime on November 25, 1987. They found a pair of scissors, a paper towel which was used by the appellant, and a tampon, which the appellant allegedly removed from the prosecutrix before having intercourse with her.
Chief Offord also testified. He stated that, on November 24, 1987, he read the appellant a Miranda rights waiver form, which he and the appellant signed. He also advised the appellant that, as a juvenile, he could have a parent, guardian or attorney present while being questioned. The appellant stated that he understood his rights but wished to speak with his attorney.
The following day, the chief was at the Shelby County Courthouse. He was informed that this appellant wished to speak with him. As he entered the room, the appellant told Chief Offord that he "did it with force." (R. 236).
 I
The testimony of Chief Offord, regarding the appellant's statement to him, is the focus of the appellant's first issue.
The appellant claims that his statement was taken without being afforded the "super-Miranda" rights as required by Rule 11, A.R.J.P. Thus, the appellant claims that admission of his statement is barred by Rule 21, A.R.J.P. Rule 21 states, intoto:
 "An extrajudicial statement made by a child may be admissible if given by the child in accordance with the requirements of the Constitution and the prevailing case law as expressed by the appellate courts."
On November 25, 1987, while Chief Offord was at the Shelby County Courthouse, Bobby Wynn, a juvenile probation officer, approached the chief and told him that the appellant wished to speak with him. Chief Offord told Wynn that he could not converse with the appellant unless his attorney was present. Vivian Hernandez, an attorney who was appointed to represent the appellant on a CHINS (Child In Need of Supervision) petition, was standing nearby. Wynn mentioned to her that the appellant wished to speak with the chief.
Hernandez had been contacted and told that her client, the appellant, had gotten into some trouble with a teacher at school; however, she did not know about the alleged rape nor did she consider herself the appellant's attorney on this matter. Nonetheless, she went with Chief Offord to the room where the appellant was being held. As they entered the room and before either of them said anything, the appellant spoke. Chief Offord testified that the appellant stated that he "did it with force." (R. 236). Hernandez did not recall the appellant using the term "force."
The spontaneous and voluntary nature of the appellant's comment is a sufficient ground to find that the statement was properly admissible. The Miranda warnings are not required in such a situation, even though the appellant was a juvenile.Smith v. State, 489 So.2d 638, 640 (Ala.Cr.App.), cert. denied,489 So.2d 638 (Ala. 1986). The fact that Hernandez had not been appointed to represent the appellant at the time he made the confession thus has no bearing on the outcome of this case.
 II
The appellant also contends that his motion for a new trial should have been granted, because one of the appellant's *Page 1189 
schoolmate's testimony was refreshed in the hallway by Chief Offord, thus violating the purpose and the spirit of "the rule" (i.e., asking all witnesses to step outside the courtroom to avoid the witnesses from hearing the others' testimony).
Apparently, the defense counsel learned of this alleged conversation just prior to the sentencing hearing. Our review of the record, however, fails to disclose that the trial judge was apprised of this allegation. In fact, the transcript from the sentencing hearing is absent from the record.
It is the appellant's and his counsel's burden to check the record before submitting it to this court to verify that it is a complete record of the proceedings below. Welch v. State,455 So.2d 299 (Ala.Cr.App. 1984). Failure to do so precludes us from reviewing those issues allegedly covered by omitted portions of the transcript. We "cannot predicate error on matters not shown by the record." Robinson v. State,444 So.2d 884, 885 (Ala. 1983).
For the reasons stated, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.