TYSON, Judge.
William Fuller was charged by indictment with the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced him to a term of 11 years in the State penitentiary.
The appellant raises only one issue on this appeal. He claims that the trial judge committed reversible error by refusing to grant his motions for judgment of acquittal at the close of the State’s case-in-chief and at the conclusion of all of the evidence. He argues specifically that the State failed to prove a prima facie case.
Section 13A-12-211 states:'
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.”
In determining whether the trial judge properly allowed the case to go to the jury, we must weigh the evidence that was before the trial judge at the time the motions were made. McCord v. State, 501 So.2d 520, 525 (Ala.Cr.App.1986), cert. denied (Ala.1987). As we previously observed, the appellant’s first challenge to the sufficiency of the evidence came at the close of the State's case-in-chief.
The primary witness called on behalf of the State was Officer Robert Chambers with the Alabama Alcoholic Beverage Control Board’s, Drug Enforcement Task Force. Officer Chambers testified that during the summer and fall months of 1988 he participated in an undercover drug operation in Talladega County, Alabama. He said that in this operation, he worked closely with an informant, Michael Stoner, who had contacts in the drug community of Talladega County. He testified that this operation involved 90 drug transactions and 60 different individuals.
Officer Chambers testified that when he was in Talladega, Alabama, he would stay in the Colony House Motel. While in his motel room on September 16, 1988, he received a call from Stoner. A short time later, Stoner showed up at Officer Chambers’s motel room with another person. Officer Chambers stated that he walked out to their automobile on the passenger’s side. Stoner introduced the third party to Officer Chambers as “Billy.” (R. 11.) Stoner told Chambers that Billy had five “rocks” that he wanted to sell for $100.00. Chambers asked to inspect the drugs before he bought them, so Billy gave him five plastic vials. After viewing the contents of the vials, he gave Billy a $100 bill. Officer Chambers made an in-court identification of the appellant as the person from whom the drugs were purchased.
On cross-examination, Officer Chambers stated that he had previously identified the appellant in a photographic array. He stated that the deal between him and the appellant took about five minutes and that Stoner gave him the appellant’s last name at a later time.
After, establishing a proper and complete chain of custody, Ron Hubbard, with the Alabama Department of Forensic Sciences, testified that he examined the five vials and their contents. He determined the contents of the vials to be cocaine-based and determined the total weight to be 0.533 gram. He also stated that cocaine is a Schedule II drug. See Ala.Code 1975, §§ 20-2-24 and 20-2-25.
In reviewing a challenge to the sufficiency of the evidence, we must view the evidence in a light most favorable to the State. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). In so doing, we must deter *1287 mine if there was sufficient legal evidence to sustain the jury’s verdict that the accused is, by fair inference, guilty beyond a reasonable doubt. Williams v. State, 530 So.2d 881, 886 (Ala.Cr.App.), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (Ala.1989); Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983); Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978).
This court has heretofore affirmed the convictions of those accused of selling drugs where the key testimony incriminating the accused was that of an undercover police officer. See Blair v. State, 549 So.2d 112, 113 (Ala.Cr.App.), cert. denied, 549 So.2d 114 (Ala.1988) (undercover police officer’s testimony contradicted by informant); Agee v. State, 491 So.2d 1067, 1073 (Ala.Cr.App.1986) (undercover police officer and paid informant testified similarly); Doyle v. State, 487 So.2d 996, 998 (Ala.Cr.App.), cert. denied (Ala.1986) (undercover police officer testified he bought drugs during undercover operation). The facts in the cause sub judice are as compelling as those in the cases cited immediately above. Therefore, the trial judge did not err in denying the appellant’s first motion for judgment of acquittal.
Furthermore, the jury’s verdict of conviction was supported by sufficient legal evidence to sustain it. The appellant called the informant, Michael Stoner, to testify in his behalf. Stoner confirmed Officer Chambers’s testimony that Stoner and the appellant met Chambers outside of his motel room and that the appellant sold Chambers some drugs.
Stoner also testified that he received $25 for every buy that was made. He stated that some of this money was used to pay off some fines he received during the operation for his commission of three misdemeanor offenses.
The appellant also testified. He wholly denied that he committed the crime. He stated that he had been in Stoner’s automobile on only one occasion and on that occasion did not go to the Colony House Motel.
After he rested his case, the appellant again made a motion for judgment of acquittal. The trial judge denied the motion and allowed the case to go to the jury.
The evidence presented by the appellant in his portion of the case does not change the outcome of the trial judge’s denial of the appellant’s first motion for judgment of acquittal, nor does it render as error the trial judge’s denial of the appellant’s second motion for judgment of acquittal. In fact, the testimony of Stoner supported Chambers’s testimony. Therefore, the verdict of the jury was supported by sufficient legal evidence to sustain this appellant’s conviction.
For the reasons stated, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.