AFTER REMAND FROM THE ALABAMA SUPREME COURT
MeMILLAN, Judge.
Pursuant to the Alabama Supreme Court’s decision in Adams v. State, 585 So.2d 161 (Ala.1991), the appellant’s conviction for driving under the influence is affirmed, although she was on the highway at the time of her arrest because she had been ordered back onto the highway by a state trooper.
The appellant also argues that the traffic citation charged her with driving under the influence of alcohol and controlled substances; however, the evidence at trial proved only that she was driving under the influence of alcohol. Thus, the appellant argues that her complaint charged a different offense from that which was proved, and that it cannot be amended on trial de novo without the appellant’s consent, citing Sisson v. State, 528 So.2d 1151 (Ala.Cr.App.1987).
In the present case, the appellant’s traffic citation is not included in the record.
“It is the appellant’s and his counsel’s burden to check the record before submitting it to this court to verify that it is a complete record of the proceedings below. Welch v. State, 455 So.2d 299 (Ala.Cr.App.1984). Failure to do so precludes us from reviewing those issues allegedly covered by omitted portions of the transcript. We ‘cannot predicate error on *165 matters not shown by the record.’ Robinson v. State, 444 So.2d 884, 885 (Ala.1983).”
Atchison v. State, 565 So.2d 1186, 1189 (Ala.Cr.App.1990). Therefore, this matter is waived on appeal.
AFFIRMED.
All Judges concur.