The appellant was convicted after a jury trial of unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975. He was sentenced to 10 years' imprisonment, and his sentence was split to 2 years' imprisonment and 5 years probation. He raises three issues on appeal.
 I
The appellant argues that the trial court erred by denying his motion for mistrial based on Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This argument, however, is procedurally barred because the appellant failed to object prior to the impaneling and swearing of the jury. Fearnv. City of Huntsville, 568 So.2d 349 (Ala.Cr.App. 1990); Riggsv. State, 558 So.2d 980 (Ala.Cr.App. 1989); Musgrave v. State,555 So.2d 1190 (Ala.Cr.App. 1989). The appellant did not object until the court had finished giving preliminary instructions to the jury. The trial court, although finding the Batson motion untimely, required the State, over objection, to provide reasons for its striking black venirepersons. The appellant's counsel contended that he made the motion as soon as he could have because he had gone to the rest room. The State objected on the ground of the timeliness of the motion; therefore, we are not required to address the merits of the appellant's argument. See Ex parte Williams, 571 So.2d 987 (Ala. 1990)
In the interest of judicial economy, however, we have examined the reasons given for the State's strikes and find the appellant's argument to be without merit. The State's reasons for striking blacks from the venire must be clear, specific, legitimate, nondiscriminatory, and related to the case to be tried. Ex parte Branch, 526 So.2d 609 (Ala. 1987). This court may reverse the trial court's ruling only if it is clearly erroneous. Id. *Page 32 
The State's reason for striking venireperson number five was stated by the prosecution as follows:
 "But getting back to — I think one of the black jurors struck was number — if I'm not correct, was number 5. . . . The reason that she was struck by me is her husband was on the school board. It is my understanding, and my wife had a conflict with a black principal at Harry Brigg Elementary School causing my wife to resign. The school board was aware of that. The issue was brought before the school board and I personally felt and feel now that to have a spouse of a school board member on this jury would be prejudicial to me and also to the case I am presenting for the State. I feel that that's a valid reason for striking that particular juror."
Possible bias against the prosecution is a valid race-neutral reason. See Yelder v. State, 596 So.2d 596 (Ala.Cr.App. 1991).
Venireperson number 20 was struck because she knew the appellant and his family, and the prosecutor thought that her husband was a landscaper with whom he had had problems in the past. Venireperson number 41 also knew the appellant and his family. These reasons are race-neutral. Gilder v. State,542 So.2d 1306 (Ala.Cr App. 1988) (venireperson knew appellant's family); Thomas v. State, 520 So.2d 223 (Ala.Cr.App. 1987) (venireperson knew appellant and his family); see Yelder.
Venireperson number 111 listed an address that the State contended was in Dale County, outside the circuit in which the case was being tried. The State also struck a white venireperson who it thought lived in another county and circuit. This is a valid race-neutral reason. Branch; Ward v.State, 539 So.2d 407 (Ala.Cr.App. 1988).
Venireperson number 21 was an employee of Fleming Ford Tractor and the State was pursuing charges against one of his co-employees. This is a race-neutral reason. Cf. Yelder.
The trial court's ruling on the appellant's Batson motion is not clearly erroneous. Furthermore, the appellant's argument is based on a lack of questions on voir dire; however, the voir dire is not contained in the record, and this court will not " 'predicate error on matters not shown by the record,' "Atchison v. State, 565 So.2d 1186, 1189 (Ala.Cr.App. 1990) (quoting Robinson v. State, 444 So.2d 884, 885 (Ala. 1983)). It is the appellant's duty to ensure the record is complete.Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991); Cardwell v.State, 544 So.2d 987 (Ala.Cr.App. 1989) (Bowen, PJ. dissenting).
 II
The appellant argues that the trial court erred by admitting evidence without proof of the chain of custody. This argument, however, is procedurally barred because the appellant failed to object at the time the evidence was admitted. See Waddle v.State, 473 So.2d 580 (Ala.Cr.App. 1985).
 III
The appellant argues that the trial court erred by denying his motion for judgment of acquittal. At trial, the State's evidence tended to show the following: On February 16, 1990, Claude Cozey, an investigator with an Alcoholic Beverage and Control drug unit, met Paul Reynolds at Roger's Plaza in Enterprise. Reynolds asked if he "needed anything," meaning drugs. He told Reynolds that he was looking for a $20 "rock" of cocaine. Reynolds got in Cozey's automobile and directed him to drive to a residence. No one was at the residence, but Reynolds said that he knew where they could find some cocaine. As they drove, a blue Oldsmobile Cutlass automobile passed by, and Reynolds directed Cozey to follow it. They followed the car to an area in which the appellant lived. Cozey parked about 20 yards from the Oldsmobile. One man got out of the Oldsmobile and went in a house. Reynolds got out of the car and walked up to the appellant, who had gotten out of the Oldsmobile. Reynolds and the appellant spoke. The appellant made a motion as if he were showing Reynolds something, and apparently dropped what he had in his hand. *Page 33 
Both men got down on their hands and knees to look for the item with a cigarette lighter. Reynolds returned to Cozey's car for a lighter or flashlight because they had "dropped the rock." Cozey turned on his headlights and pulled within 10-12 feet of the Oldsmobile so that they could see. The appellant, whom Cozey could see in the headlights, picked up what appeared to be two objects and handed them to Reynolds. Reynolds returned to Cozey's car and handed him a crumbled piece of crack cocaine and said, "That's all you get for twenty dollars." Cozey gave Reynolds $20, and he handed the money to the appellant.
The substance was submitted for laboratory analysis, which revealed that the substance was cocaine. Viewing this evidence in a light most favorable to the state, the evidence was sufficient to sustain the appellant's conviction, and the trial court did not err by denying his motion for judgment of acquittal. See Fuller v. State, 571 So.2d 1285 (Ala.Cr.App. 1990).
Based on the forgoing, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.