PATTERSON, Presiding Judge.
The appellant, Willy Edward Zumbado, was convicted after a jury trial of criminal possession of a forged instrument in the second degree (CC-88-288), in violation of § 13A-9-6, and conspiracy to commit murder (CC-89-001), in violation of § 13A-4-3, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment for possession of a forged instrument and to life in prison for conspiracy to commit murder. He raises several issues on appeal; however, because we must remand this case for a hearing pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we pretermit discussion of the other issues.
The appellant argues that the trial court erred by denying his Batson motion. At trial, after the jury was empaneled and sworn, the following occurred:
“MR. WILLINGHAM [Defense counsel]: Judge, I think the last thing we will have, it will be in the form of a Batson motion, with the defendant himself being Costa Rican [and] of a minority race. I believe six of the state's first nine strikes were of the black race, and we will object to the jury panel on those grounds.
“MR. RUMSEY [Prosecutor]: Judge, number 1, that is not right at all. Number 2 is that I did not — I don’t recall striking anybody of — I don’t think there are any Costa Ricans on the jury or [people of] Spanish descent.
“THE COURT: Do you stipulate to the record that the defendant is not black?
“MR. MALONE [Defense counsel]: Yes, sir, we stipulate that.
“THE COURT: So stipulated. Motion overruled.”
Initially, we note that although the appellant did not raise his Batson motion until after the jury was empaneled and sworn, this issue has been preserved for our review. Because the trial court ruled on the substantive issue and because the State failed to object to the untimeliness of the motion, this court may not rely on a procedural bar to dispose of this issue. See Ex parte Williams, 571 So.2d 987 (Ala.1990); see also Nance v. State, 598 So.2d 30 (Ala. Cr.App.1992).
It is clear from the record that the trial court denied the appellant’s Batson motion because he was not black. Although the appellant was tried before the United States Supreme Court decided Powers v. Ohio, 499 U.S.-, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), that decision is to be applied retroactively. Cf. Ex parte Bird, 594 So.2d 676 (Ala.1991). After Powers, a defendant’s “race is irrelevant to [his] standing to object to the discriminatory use of peremptory challenges.” Powers, 111 S.Ct. at 1373; see Bird.
*1223 Therefore, we hold that the trial court erred by denying the appellant’s Bat-son motion based on the appellant’s race, and we remand this case to the circuit court for a Batson hearing, in which it shall determine whether the appellant has established a prima facie case of discrimination and if so, whether the State’s reasons for striking black venirepersons are race neutral. The trial court shall make due return to this court at the earliest possible time and within 60 days of the release of this opinion. The parties, of course, do not relinquish their respective positions regarding the other issues raised on appeal, and this court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.