MONTIEL, Judge.
The appellant, Donald McDaniel, received a 15-year sentence for the unlawful sale of the controlled substance, marijuana, in violation of § 13A-12-211, Code of Alabama 1975. He raises two related issues on appeal.
The appellant, a black man, first contends that the State’s exercise of its peremptory challenges was discriminatory and that it violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although it appears from the record that the appellant did not make his Batson motion until after the jury had been sworn, the State failed to object to the untimeliness of the motion and, thus, the State has waived this objection on appeal. Ex parte Williams, 571 So.2d 987 (Ala. 1990); Zumbado v. State, [Ms. 89-21, May 29, 1992], 1992 WL 138060 (Ala.Crim.App. 1992); Steeley v. State, [Ms. 90-1302, February 28, 1992], 1992 WL 71046 (Ala.Crim. App.1992).
Following the Batson motion by the appellant, the trial court required the State to give its reasons for its peremptory strikes of black veniremembers. After the State gave its reasons, the trial court stated that it would not rule “as to whether or not the reasons given were race-neutral” because it did not believe that the appellant had made a prima facie case of discrimination. We shall review the reasons given by the State, despite the trial court’s ruling that a prima facie case had not been shown, because the reasons are on the record. Ex parte Huntley, [Ms. 1920530, September 18, 1992], 1992 WL 228152 (Ala. 1992); Hernandez v. New York, — U.S. -, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); United States v. Forbes, 816 F.2d 1006 (5th Cir.1987); McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990); Currin v. State, 535 So.2d 221 (Ala.Crim.App.), cert. denied, 535 So.2d 225 (Ala.1988); Avery v. State, 545 So.2d 123 (Ala.Crim.App.1988).
The State gave the following reasons for its peremptory challenges:
“MR. JOHNSTON [Prosecutor]: S.D. and one other lady on the jury . who was black, number fifty-eight, looks like F.S., were both asleep during your voir dire and mine. And I didn’t think they would pay much attention to the trial. Then down to number twenty-four, Q.H., he — we struck him. He came up and asked the judge to be relieved or release. When I asked if there was anyone that just didn’t want to serve, he said he didn’t want to serve. Then he — After that he came up and told the judge he’d been convicted of something or another and he didn’t really need to serve, so I struck him.
[[Image here]]
"... G.K., I’m told — Well, the basic reason for G.K.’s strike is that the Defendant has been observed talking with a Ms. K. in the courtroom who routinely appears up here in support of defendants and I — I’m suspicious that she may be related to G.K. in some way, so I struck him. Also my information from the law enforcement officers is that he has a tendency to drink frequently.
“Thirty-two, black, P.L., whom we struck, her — some members of her family have been prosecuted both for — in Pickens County for theft cases and for — I think for drug cases. I *1166 didn’t exactly know what the family connection was, but I suspected that there might be a connection with someone who had been prosecuted for drugs. Although she didn’t volunteer that information in voir dire.
“E.L., I struck because he’s from the Aliceville area and that where the Defendant lives or did live at this time.
[[Image here]]
“... D.N. comes from an old bootlegging family up north of Reform. I prosecuted his father S.N. for either selling whiskey or making whiskey, way back years ago. As I say, I believe that’s fifty-eight; F.S. was asleep during our voir dire. I believe I explained that previously. J.W., sixty-four, is from the Aliceville area and I struck her for that reason, as I did E.W., sixty-three.
(R. 602-03.)
Although a prosecutor’s explanation for the use of a peremptory strike need not rise to the level of a challenge for cause, Ex parte Lynn, 543 So.2d 709 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (Ala.1989), the State must offer a clear, specific, and legitimate race-neutral reason for each strike. See Batson, supra; Ex parte Branch, 526 So.2d 609, 623 (Ala.1987). Moreover, the trial court’s ruling on a Batson motion will be reversed only if that ruling is clearly erroneous. Sims v. State, 587 So.2d 1271 (Ala. Cr.App.1991), cert. denied, — U.S. - 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992); Jackson v. State, 549 So.2d 616 (Ala.Cr. App.1989).
We have no problem with the State’s reasons for striking jurors S.D., F.S., Q.H., and D.N. We have serious doubts about the legitimacy of the State’s reasons for striking G.K. and P.L. Both of these veniremembers were struck because the State “suspected” a relationship to persons the State felt may have been hostile to the prosecution. These suspicions could have been verified if the State had simply asked these veniremembers a few questions about their connection with the suspected individuals. Avery. Hemphill v. State, 610 So.2d 413 (Ala.Crim.App.1992). Furthermore, the State specifically asked the venire if any of the veniremembers knew anyone who had been prosecuted for drug crimes, and P.L. did not respond affirmatively to this question. Thus, the State’s excuse for striking P.L. does not appear to be legitimate. The State’s reasons for its strikes of these two veniremembers are highly questionable.
Furthermore, the State’s reason for striking E.L., J.W., and E.W. is clearly constitutionally insufficient. All of these jurors were struck because they lived in Aliceville, which supposedly was the residence of the appellant. In Harris v. City of Lipscomb, 602 So.2d 502 (Ala.Cr.App. 1992) the prosecutor struck a black venire-member because he lived “about two blocks from the defendant.” This court held that this strike could not have been based on a race-neutral reason because the State failed to “ ‘demonstrate any relevance to the particular case sub judice.’ ” Harris, quoting Ex parte Bird, 594 So.2d 676 (Ala.1991). This court has held that even if veniremembers live in the same area where the incident giving rise to the trial took place, any bias on the part of the veniremembers because of their residence would have to be demonstrated, most likely, through voir dire. Moss v. Montgomery, 588 So.2d 520, 526 (Ala.Cr.App.1991), citing, Williams v. State, 548 So.2d 501 (Ala.Cr.App.1988) cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). Moreover, the fact that a venire-member was struck because she lived at the same apartment complex as the defendant was held to be a constitutionally insufficient reason under Batson where the veniremember was never asked whether she knew the defendant. Hemphill v. State, 610 So.2d 413 (Ala.Cr.App.1992). In this case, the State did not ask the venire whether any of the jurors knew the appellant, and the State failed to demonstrate why these particular veniremembers would be adverse to the State merely because they lived in the same town as the appellant. In fact, the State did not strike another black veniremember who lived in Al- *1167 iceville. Therefore, the mere fact that these veniremembers lived in Aliceville does not provide a justification for striking them. Furthermore, the record shows that the appellant did not actually live in Alice-ville[1]. The undercover officer who bought drugs from the appellant testified that the offense in question occurred at the appellant’s trailer, which was located in Old Memphis, which is, according to the officer, “a little community way out from Alice-ville.” (R. 78.) The prosecutor in his opening statement described the location of Old Memphis as follows:
“[Y]ou go south out of Aliceville on 17 and you get over there to the Macon Road and turn to the right, which is west, and you travel maybe a mile or so. And then you turn north again on a paved road that goes eventually over into Mississippi, but oh, like seven, eight, ten miles up there, you come to an area adjacent to the Tombigbee River that’s known as Old Memphis.”
(R. 71.) Clearly, the State did not provide a race-neutral reason for striking E.L., J.W., and E.W. and, further, the reasons for striking G.K. and P.L. are highly suspicious. Thus, the judgment must be reversed and the cause remanded.
The appellant’s conviction must be reversed because the State’s explanation for striking three of the black veniremembers is constitutionally insufficient under Bat-son. This cause is reversed and remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.

. The record does show, however, that the appellant’s mailing address was listed as Aliceville on the indictment and on his bond.