The appellant, Daniel Richard Della-Calce III was indicted on a charge of unlawful possession of cocaine. His application for youthful offender status was denied, and he was tried. After a mistrial, he was tried again, was found guilty and was sentenced to 10 years' imprisonment.
Evidence at trial tended to show the following. On September 20, 1990, Huntsville narcotics investigator Ed Smith learned from a confidential informant that the informant had recently purchased a $20 rock of cocaine from the appellant. Smith and a team of officers conducted a "drug sweep" of the Northwood housing project, where the appellant resided, and saw the appellant standing in an alley. As Smith approached, he saw the appellant discard a matchbox. While the other officers seized the appellant, Smith recovered the matchbox, which contained six rocks of cocaine.
On appeal, the appellant makes the following claims: (1) that the trial court erred in denying his application for youthful offender treatment for "no legitimate reason"; (2) that he was denied effective assistance of counsel because, he says, his trial attorney failed to object to the introduction of "clearly inadmissible evidence"; (3) that the trial court erred in denying his motion for a mistrial because of the prosecutor's "repeated violation of a pretrial motion in limine"; and (4) that the trial court erred in holding that the prosecutor's reasons for striking four black veniremembers were race neutral. The first three claims either are without merit or were not properly preserved for appellate review. We need not address them, however, because the judgment must be reversed based on the claim (4).
The appellant originally argued that four black veniremembers were improperly struck. He states that he "might concede that some of the prosecutor's reasons for striking [black veniremembers R.P. and L.N.] were sufficiently race neutral" but that the reasons for striking A.N. and P.T. were not.
Initially, we note that the State's reasons for striking veniremembers R.P. and L.N., i.e., that one had an extensive arrest record and that the other knew the appellant's father, were sufficiently race-neutral. This Court has noted that we may rely on the valid reason and need not address the suspect reason when both a suspect and a valid reason for a strike has been given. Powell v. State, 608 So.2d 411 (Ala.Cr.App. 1992).
With regard to P.T., the prosecutor stated that he struck her because of "her rather suspicious behavior when she was confronted with divulging personal information about herself." Similar offered explanations, such as "body language" and "communication difficulty," have been found to be "especially subject to abuse" because of "their insusceptibility to an objective evaluation by the trial judge." Ex parte Bird,594 So.2d 676 (Ala. 1991). We need not determine whether the explanation offered in this case would have constituted a ground for reversal, however, because the prosecutor clearly failed to provide a sufficient race-neutral explanation for his strike of veniremember A.N.
The prosecutor stated that he struck A.N. because "he has a friend that he works with that lives in the [Northwood] neighborhood, because "his address is McVay Street, which is a known drug area" and because "he stated that his occupation was that of a brick *Page 56 
mason . . . [which makes it] rather hard to verify really what he's doing." Of these explanations, the first is only arguably "facially valid,"[1] Hernandez v. New York, 500 U.S. 352, 358-60,111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), and the latter two clearly are not constitutionally sufficient. In Clark v.State, 621 So.2d 309, 314 (Ala.Cr.App. 1992), this Court stated:
 "While some of the reasons given by the prosecutor were clearly suspect, e.g., living in a high crime area, and subjective, e.g., making a poor impression during voir dire and failure to communicate, see Ex parte Bird, supra, the prosecutor also gave valid reasons for his strikes of the potential jurors for whom he had given the suspect or subjective reasons. See Davis v. State, 555 So.2d 309, 314 (Ala.Cr.App. 1989) (wherein the prosecutor gave a highly suspect reason, specifically age, for his strike [and] this court held that, '[w]e do not need to address whether this strike was a sham, however, since the prosecutor stated an additional ground for striking this venireman,' which was held to be sufficiently race-neutral)."
Moreover, under the facts of this case, even the first explanation is not valid. The prosecutor did not question any of the seven veniremembers, including A.N., who indicated some degree of familiarity with the neighborhood, in order to ascertain the effect that their knowledge might have on the case. See McDaniel v. State, 611 So.2d 1164, 1166 (Ala.Cr.App. 1992). He then allowed two of these veniremembers, who were white, to remain on the jury.[2] This Court has found that when the State's failure to "remove white persons for the same reasons given by the State for removing blacks" is evidence of disparate treatment it renders the reason invalid. Powell, 608 So.2d at 414 (citation omitted). Therefore, one of the prosecutor's explanations for striking A.N. was invalid and the other two were insufficient. In the absence of sufficient race-neutral reasons, the strike of A.N. was unconstitutional. Therefore, the judgment of the trial court is due to be, and it is hereby, reversed and this cause is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
All Judges concur.
[1] The State's case included a map of the area and testimony as to conditions in the area at the time of the offense. SeeDuncan v. State, 612 So.2d 1304 (Ala.Cr.App. 1992).
[2] One of them had attended classes at a nearby center and the other stated that her voting precinct was in the area.