The appellant, Lindsey Macon, was convicted of criminal conspiracy to traffic in cannabis in violation of § 13A-12-204, Code of Alabama 1975. He was sentenced to 16 years in the penitentiary and was fined $25,000.
The state's evidence tended to show that in December 1990, narcotics agents from the Alcoholic Beverage Control Board (ABC) began working in Etowah County with a confidential informant named Johnny Spain. Spain introduced the agents to William Howard Marty, the appellant's codefendant. Marty arranged to purchase 10 pounds of marijuana from the undercover agents for $1,000 a pound. The sale was scheduled to take place on January 4, 1991, at a Birmingham area motel room. Spain, along with two undercover ABC agents posing as a drug dealer and Spain's son-in-law, met Marty at the motel room. A few minutes later, the appellant arrived and was introduced as Doug. The appellant made several telephone calls and then went outside to his car. He returned with a roll of money. The agents produced one pound of marijuana so that the appellant and Marty could inspect it. The agents had left the other nine pounds outside in their vehicle. The appellant and his other codefendants were arrested.
This case exemplifies the dilemma sometimes faced by an appellate court. Although the notice of appeal in this case was filed on August 13, 1993, the completed record was not filed until May 11, 1994. The last brief to this court was filed on September 9, 1994, and we now release this opinion on November 10, 1994. By the time this case was *Page 223 
submitted to this court — September 13, 1994 — the 280-day period that is the recommended time standard from the filing of the notice of appeal to the release of the opinion had already been exceeded.
The appellant raises two issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion made pursuant to Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), alleging that the state used its peremptory strikes in a racially discriminatory manner.
In Batson, the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment prohibits peremptory strikes based solely on race. Batson has been extended to white criminal defendants, Powers v. Ohio,499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to defendants in civil cases, Edmonson v. Leesville Concrete Co., 500 U.S. 614,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), to strikes by defense counsel in criminal trials, Georgia v. McCollum, 505 U.S. 42,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), and most recently, to gender-based strikes, J.E.B. v. Alabama, ___ U.S. ___,114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Alabama Supreme Court has also applied Batson to the striking of white veniremembers.White Consolidated Industries, Inc. v. American LibertyInsurance Co., 617 So.2d 657 (Ala. 1993).
Once a party makes a timely Batson motion, the movant must establish a prima facie case of discrimination, and, if a prima facie case is established, the opposing party must offer a clear, specific, and race-neutral reason for each strike.Batson, supra. The appellant contends that the state improperly used eight of its peremptory strikes to remove blacks from the jury. The prosecutor gave the following reasons for striking the eight black prospective jurors:
 Prospective juror number 35 — This juror was struck because she was unemployed.
 Prospective juror number 51 — This juror was struck because she was unemployed.
 Prospective juror number 341 — This juror was struck because she was unemployed.
 Prospective juror number 139 — This juror was struck because she was nonresponsive.
 Prospective juror number 198 — This juror was struck because he was nonresponsive.
 Prospective juror number 55 — This juror was struck because he had been the victim of a crime.
 Prospective juror number 336 — This juror was struck because he had been the victim of a crime.
 Prospective juror number 46 — This juror was struck because he was nonresponsive and had been the victim of a crime.
Of these eight prospective jurors, jurors number 198 and 336 were placed back on the jury by the trial court. Therefore, any challenges by the appellant as to prospective jurors 198 and 336 are moot.
The fact that a veniremember is unemployed may constitute a valid race-neutral reason for the exercise of a peremptory strike if used to remove both black and white veniremembers.Hart v. State, 612 So.2d 520, 524 (Ala.Cr.App.), aff'd,612 So.2d 536 (Ala. 1992), cert. denied, ___ U.S. ___,113 S.Ct. 2450, 124 L.Ed.2d 666 (1993). Here, the record reflects that the state struck both white and black veniremembers on the basis that they were unemployed. Thus this reason, when applied equally to all races, does not violate the principles ofBatson.
The remaining strikes the appellant challenges are of prospective jurors 139 and 46. The prosecutor indicated that he struck these prospective jurors because they did not respond to any voir dire questions except basic identification information. Additionally, jurors 55 and 46 indicated they had been victims of crime. The record reflects that the state struck both white and black veniremembers on this basis. This court has held that lack of response by or participation of veniremembers is a valid race-neutral reason for striking a prospective juror. Allen v. State, 659 So.2d 135, 146-47
(Ala.Cr.App. 1994). Furthermore, where whites and blacks are struck for the same reason, there is no evidence of disparate treatment. Carrington *Page 224 v. State, 608 So.2d 447, 449 (Ala.Cr.App. 1992).
The appellant's rights under the Equal Protection Clause of the Fourteenth Amendment were not violated by the state's peremptory strikes of black prospective jurors.
 II
The appellant next contends that the trial court erred in denying his motion for a judgment of acquittal. More specifically, he contends that the state failed to prove that the appellant conspired to buy in excess of 2.2 pounds of marijuana, which is required to prove trafficking in cannabis under § 13A-12-231(1), Code of Alabama 1975.
 "In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253
(Ala.Cr.App. 1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493
(Ala. 1985); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979)."
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App. 1993).
The appellant was convicted of criminal conspiracy to commit a controlled substance crime in violation of 13A-12-204, Code of Alabama 1975. The underlying controlled substance crime he was convicted of conspiring to commit was trafficking in cannabis, a violation of § 13A-12-231, Code of Alabama 1975. "Conspiracy is a distinct and separate substantive offense from the crime intended, and does not require that the criminal offense agreed to be actually completed." Calhoun v. State,460 So.2d 268, 272 (Ala.Cr.App. 1984). The state was not required to prove the elements of trafficking in cannabis under §13A-12-231. They only had to prove conspiracy to commit that offense pursuant to § 13A-12-204. § 13A-12-204, Code of Alabama 1975, provides:
 "(a) A person is guilty of criminal conspiracy to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-3(a), and the object of the conspiracy is a controlled substance crime."
§ 13A-4-3(a), Code of Alabama 1975, in turn provides that:
 "(a) A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement."
ABC agents testified that the appellant's codefendant agreed to buy 10 pounds of marijuana from undercover agents, an amount well in excess of 2.2 pounds. The appellant arrived at the buy with the agreed upon amount of money and inspected a pound of marijuana brought by the agents. Here, the state presented sufficient evidence from which the jury would find the appellant guilty of conspiracy to traffic in cannabis. SeeMarty v. State, 656 So.2d 416 (Ala.Cr.App. 1994). We will not substitute our judgment for that of the jury. Owens v. State,597 So.2d 734, 737 (Ala.Cr.App. 1992).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.