ON RETURN TO REMAND

LONG, Judge.
On December 29,1994, this Court remanded this cause to the trial court with directions that an evidentiary hearing be held to determine whether the appellant made a prima facie case of racial discrimination by the State in the exercise of its strikes under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987), in light of the Alabama Supreme Court’s holding in Ex parte Thomas, 659 So.2d 3 (Ala.1994).
On remand, the trial court held a hearing, and after finding that the appellant had established a prima facie case of discrimination, it required the State to give its reasons for using 5 of its 24 strikes to remove 5 of the 8 black veniremembers. Three blacks sat on the jury. The State gave the following reasons for its strikes:
R.R., veniremember 67, was struck because his brother had recently been indicted for selling drugs.
S.M., veniremember 54, was struck because she had been convicted of assault.
M.N., veniremember 60, was struck because she or a family member had been the target of a criminal investigation.
V.S., veniremember 76, was struck because the district attorney had information that a businessman in the area in which V.S. lived who had done business with V.S. had commented that V.S. did not pay the bills that she owed to him.
C.W., veniremember 81, was struck because the district attorney had no information about her; she did not answer any questions on voir dire, and the district attorney could not find anyone who knew anything about her.
After the State gave these reasons, defense counsel argued that the reasons given for striking R.R., V.S., and C.W. were shams or pretexts. Defense counsel did not challenge the reasons as to S.M. and M.N. Following the hearing, the trial court issued an order finding that the State’s strikes were race-neutral.
Our standard of review on a Batson motion is explained as follows:
“ ‘The trial court’s ruling on a Batson motion will be reversed only if clearly erroneous. Nance v. State, 598 So.2d 30, 31 (Ala.Cr.App.1992); Jackson v. State, 594 So.2d 1289 at 1294 (Ala.Cr.App.1991). “It is well settled that the ruling of the trial court on a Batson hearing is entitled to substantial deference and will not be disturbed on review unless it is ‘clearly erroneous.’” Ex parte Bankhead, 625 So.2d 1146 (Ala.1993). In Ex parte Branch, 526 So.2d 609, 625-26 (Ala.1987), the Alabama Supreme Court approved the use of a “clearly erroneous” [standard] for reviewing the factual findings by the trial court in Batson proceedings. In Bui v. State, 627 So.2d 855 (Ala.1992), the Alabama Supreme Court said, “‘the reviewing court’s inquiry ... shall not be restricted by the mutable and often overlapping boundaries inherent within a Raiscw-analysis framework, but, rather, shall focus solely upon the propriety of the ultimate finding of discrimination vel non.’ ”
Merriweather v. State, 629 So.2d 77, 88 (Ala.Cr.App.1993). The United States Supreme Court, in Hernandez v. New York, 500 U.S. 352, 358-60, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), explained the rationale for this standard of review, as follows:
“‘Deference to trial court’s findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in Batson, the find *766 ing will “largely turn on evaluation of credibility” 476 U.S., at 98, n. 21 [106 S.Ct. at 1724, n. 21]. In the typical challenge inquiry, the decisive question will be whether counsel’s race-neutral explanation for a peremptory challenge should be believed. There will seldom be much' evidence bearing on that issue and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor’s state of mind based on demeanor and credibility lie “peculiarly within a trial judge’s province.” Wainwright v. Witt, 469 U.S. 412, 428 [105 S.Ct. 844, 854, 83 L.Ed.2d 841] (1985), citing Patton v. Yount, 467 U.S. 1025, 1038 [104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984).’ ”
Freeman v. State, 651 So.2d 576, 581-582 (Ala.Cr.App.1994), quoted with approval in Hodge v. State, 665 So.2d 959, 961 (Ala.Cr.App.1995).
The reason given for striking R.R. was race-neutral. The fact that “[a venire-member] or a relative of [his] had been either charged with, prosecuted for, or convicted of a crime” has been held to be a race-neutral reason. Scott v. State, 599 So.2d 1222, 1228 (Ala.Cr.App.), cert. denied, 599 So.2d 1229 (Ala.1992), overruled on other grounds, Smith v. State, 612 So.2d 1314, 1316 (Ala.Cr.App.1992).
With regard to V.S., the district attorney characterized the reason for her strike as “minor.” She further explained at the hearing that at the time of that strike she was running out of people to strike because she had little information on the remaining veniremembers, and V.S. was one of the few remaining veniremembers as to whom she had some information. The record shows that V.S. did not respond to any questions on voir dire. With regard to C.W., the district attorney also explained at the hearing that, after striking V.S., she began to strike a group of veniremembers about whom she had no information, one of whom was C.W.
The reasons given for striking V.S. and C.W. were race-neutral as well. Marty v. State, 656 So.2d 416, 420 (Ala.Cr.App.1994) (the fact that three veniremembers “responded to few, if any, voir dire questions, and counsel simply did not have the same amount of information on those jurors as he had on others” was a race-neutral reason). In addition, “[t]his court has held that lack of response by or participation of veniremembers is a valid race-neutral reason for striking a prospective juror. Allen v. State, 659 So.2d 135, 146-47 (Ala.Cr.App.1994). Furthermore, where whites and blacks are struck for the same reason, there is no evidence of disparate treatment. Carrington v. State, 608 So.2d 447, 449 (Ala.Cr.App.1992).” Macon v. State, 659 So.2d 221, 223-24 (Ala.Cr.App.1994). The record shows that the State struck whites for the same reason that it struck C.W. We note also, with regard to V.S., that we have held race-neutral the reason that the district attorney’s office had discovered, through extensive research into a veniremember’s background before voir dire, a tax lien filed by the State against the veniremember for willful failure to pay taxes. Jackson v. State, 672 So.2d 808 (Ala.Cr.App.1994).
Based on the foregoing, we find that the trial court’s ruling on the appellant’s Batson motion was not clearly erroneous.
AFFIRMED.
All Judges concur.