McMillan, judge.
The appellant, William Earl Jefferson, appeals from his conviction for conspiracy to commit a controlled substance crime, specifically, trafficking in cocaine, a violation of § 13A-12-23K2), Ala.Code 1975. He was sentenced as a habitual offender to life imprisonment without parole.
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State’s evidence was insufficient to sustain his conviction. More particularly, he argues that the evidence was insufficient to prove that he had agreed to sell an undercover agent 28 grams of cocaine because the agreement was that he provide $1,500 to $2,000 worth of cocaine. In support of his argument, he contends that the State’s evidence showed that the cocaine weighed less than 28 grams; specifically, that it weighed 27.4 grams. Additionally, the appellant argues that he was convicted on the uncorroborated testimony of a cocon-spirator, Danny Jefferson.
An examination of the record reveals that the State presented the testimony of an undercover agent. The testimony revealed that the drug buy in this case involved a purchase price of $1,500 to $2,000 worth of cocaine. Additionally, however, the State’s witness testified that that amount of money, at that particular time in Huntsville, would have bought approximately two ounces of cocaine. The witness also testified that the appellant stated that he thought he could “cover that.” Such evidence, based upon a conspiracy theory, was sufficient to prove that the appellant “agreed” to deliver 28 grams of cocaine. See § 13A-4-3(a), Ala.Code 1975 (“A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.”). The fact that the cocaine recovered did not weigh 28 grams had no bearing on the appellant’s “intent” to deliver approximately two ounces of cocaine to the undercover agent. See Macon v. State, 659 So.2d 221, 224 (Ala.Cr.App.1994) (“Conspiracy is a distinct and separate substantive offense from the crime intended, and does not require that the criminal offense agreed to be actually completed.”).
Lastly, the appellant argues in brief that: “Danny Jefferson testified that he was told by [the appellant] that the bag contained 28 grams of cocaine. Danny Jefferson is a coconspirator and the State did not show any other independent evidence that the object of the conspiracy was 28 grams of cocaine.” Based upon our examination of the record, including the aforementioned testimony of the undercov *1028 er agent, it is clear that the State presented independent evidence tending to show that the appellant committed the charged offense. See also McKinney v. State, 654 So.2d 95, 98 (Ala.Cr.App.1995) (“Cocon-spirators’ statements are admissible as an exception to hearsay, provided certain criteria are met. There must be proof of the conspiracy, and that proof may be wholly circumstantial.”).
However, the record reveals that the mandatory fine of $50,000 for 28 to 500 grams provided for by § 13A-12-231(2)(a), Ala.Code 1975 was not imposed. Although the appellant was fined $2,000 pursuant to the Demand Reduction Assessment Act, this fine is imposed in addition to a fine authorized by § 13A-12-231. Section 13A-12-281(a), Ala.Code 1975; Snell v,. State, 715 So.2d 920 (Ala.Cr.App.1998); Smith v. State, 715 So.2d 904 (Ala.Cr.App. 1997). Therefore, this cause is due to be remanded to the trial court for imposition of this fine. Due return should be made to this court within 45 days of the issuance of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On November 20, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 5, 1999, that court denied rehearing, no opinion. On April 23, 1999, the Supreme Court denied certiorari review, without opinion (1980817).